INHABITANTS OF WEBSTER *versus* JOSEPH SANBORN.

The payment of a promissory note, which was given in the year 1857, for intoxicating liquors, sold by the licensing board of a town, to a person by them licensed to sell in the town, being unauthorized by § 1, c. 255 of the laws of 1856, cannot be legally enforced.

Nor does the fact, that the parties supposed they were acting in accordance with the provisions of the law, change or affect the legal rights of the parties.

ON REPORT of the case, as made by the parties.

This is an action of ASSUMPSIT against the defendant, as maker of a promissory note, dated March 7th, 1857, for the sum of $32,23, payable to the plaintiffs, on demand. The writ is dated the 12th day of April, A. D., 1858. The note in suit was read in evidence.

*In defence, Sanborn,* the defendant, was called, and testified that he signed the note in suit; that, in 1856, he was licensed, upon his own application made in writing, to sell spirituous liquors in that town for one year, and gave bonds; that the

liquors were to be furnished him by the licensing board, through R. D. Jones, who was a member of that board, at cost prices in Portland, and without any charge for freight from Portland to Jones' store, in Webster, or expenses of purchasing them, said Jones being also an agent for the sale of liquors in the same town, for the same year; that he, (defendant,) was to have $25,00, for his services, $4,50, for hauling the liquors from Jones' store to the defendant's place of business, and 4½ per cent., for leakage, and that he was to take the liquors at the guage marks on the casks; that, about ten days previous to the following March meeting, Mr. Maxwell, one of the selectmen, came and wanted to settle with the defendant for the liquors sold, that he might report to the town at the next meeting; that he, (defendant,) told him he could not settle, as the liquor was not all sold, and his time, by the license, had not expired, but did finally settle with the board; that, when they did settle, they went all over the proceedings; that they first settled for the amount of the liquors, and then the profits. That the note in suit was given by him for what Jones said was the balance due the town at the time the note was given. Jones said if he, (defendant,) would sign the note, and it was not right, he would make it right. The defendant further testified that nothing was due the town at the time the note was given; that it was given for what Jones told him was the balance due for the liquor sold.

The plaintiff in interest offered to introduce testimony tending to show that, in granting license to this defendant, and furnishing him with liquors, and fixing the prices at which the various kinds were to be sold, and agreeing with defendant upon the compensation he was to receive, and appropriating the profits of such sales, after paying the expenses, for the benefit of the town, they honestly believed in so doing they were acting agreeably to, and by authority of the statutes of 1856, and were only discharging a duty, and exercising a right which was vested in them, pursuant to the law aforesaid, as officers of the town, and nothing more.

A nonsuit was entered by consent, to be taken off, if, in the opinion of the full Court upon the evidence introduced, and, upon the facts offered to be proved by the plaintiff, the action can be maintained.

*Morrill & Hill,* for the plaintiff in interest, contended, that there was nothing in the Act of 1856, c. 255, which in any way prohibits a town from furnishing persons licensed to sell liquors with the means of obtaining such liquors as they may need for sale, upon such terms as may be agreed upon. The statute, so far as relates to the liquors owned by the town, is simply *directory,* and does not *prohibit* a transaction as disclosed in the case at bar.

The arrangement was entered into by the parties in good faith, with no intention of violating any of the provisions of the law; the defendant has availed himself of the benefits arising therefrom, and ought not now to be permitted to set up, as a defence, that the contract was for an illegal consideration.

*Record, Walton & Luce,* for the defendant.

The opinion of the Court was drawn up by

RICE, J. — The note in suit was given for intoxicating liquors and the profits from the sale thereof, which were sold to the defendant by the licensing board of the town of Webster, in violation of § 1, c. 255, Laws of 1856.

The Act of 1856, c. 255, authorized towns by their selectmen, &c., to dispose of such liquors as they then had on hand to persons authorized by the Act to sell, provided such liquors were thus disposed of within sixty days after the Act took effect. It did not, in any case, authorize towns to enter into a general traffic in intoxicating liquors through their licensing boards or otherwise.

No action can be maintained for the price of the liquors

thus sold in violation of law. The ignorance of the parties of the provisions of the statute will not vary the result.

*The nonsuit must stand.*

TENNEY, C. J., and APPLETON, GOODENOW, DAVIS, and KENT, JJ., concurred.