Hillsborough, }
June, 1894. }

### JAMESON *v.* CARPENTER.

A payment on Sunday discharges the debt.

ASSUMPSIT, for labor. Facts found by the court. The plaintiff labored for the defendant two months and one day, ending October 31, 1892. On Sunday, October 6, when only $7.25 was

due, the defendant paid the plaintiff $20.50 on account of his labor. If this payment stands, there is nothing due the plaintiff; but if it does not, there is $19.92 due him.

*Isaac L. Heath*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendant.

CHASE, J. To have the delivery of money by a debtor to a creditor operate as a payment of indebtedness there must be an acceptance of the money by the creditor. When the debtor delivers the money as payment and the creditor accepts it as such, the minds of the parties meet and a payment is effected. If the payment is made on Sunday, each party violates the statute (P. S., c. 271, s. 3) which prohibits the doing of acts of one's " secular calling, to the disturbance of others, on the first day of the week, commonly called the Lord's day," with certain exceptions not material to the present inquiry. *Varney* v. *French*, 19 N. H. 233; *Smith* v. *Foster*, 41 N. H. 215; *Thompson* v. *Williams*, 58 N. H. 248. Because of such prohibition, a Sunday payment is illegal, and the law will not aid the parties in either enforcing or undoing it, but will leave them where it finds them. *Thompson* v. *Williams, supra; Johnson* v. *Willis*, 7 Gray 164; *Cranson* v. *Goss*, 107 Mass. 439, 441; *Clapp* v. *Hale*, 112 Mass. 368, 370.

The contract of payment was fully executed before the parties appealed to the law by this action; and the law will leave them in this situation. It will no more aid the plaintiff in recovering the debt by setting aside his discharge, than it will aid the defendant in recovering back his money by setting aside his act in transferring it to the plaintiff as a payment. Aiding either party to undo the consequences of his illegal act would enable him to take advantage of his own wrong, and at the same time to do a wrong to the other party. If the payment had been in satisfaction of a promissory note then cancelled and surrendered, the application of the principle would be apparent. But such a case would differ from the present one only in the nature of the evidence of the discharge.

The fact that the payment was in part a prepayment for labor to be performed in the future does not affect the application of the principle. It was no less an executed contract, which the plaintiff must avoid before he can recover for his subsequent labor.

*Judgment for the defendant.*

SMITH, J., did not sit: the others concurred.