WOLF *v.* HOLTON.

1. APPEAL—INSTRUCTIONS—FAILURE TO EXCEPT.

An alleged error in a statement of fact made by the trial court in his instructions to the jury will not be considered on appeal, where the attention of the court was not called thereto upon the trial.

2. SAME—QUESTIONS NOT RAISED BELOW.

Questions which were not raised in the lower court will not be considered on appeal.

Error to Gratiot; Daboll, J. Submitted June 18, 1896. Decided July 8, 1896.

Ejectment by Martin Wolf against Thomas Holton. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Searl & Kirby* and *C. W. Giddings,* for appellant.

*George P. Stone* and *John T. Mathews,* for appellee.

GRANT, J. This case has twice before been in this court. 92 Mich. 136; 104 Mich. 107. It was reversed the second time on account of a defect in the proof of the identity of some of the grantors as heirs of Leonard Partello. It is now insisted, as before, that no such identification as the law requires is made by the proof. We think otherwise. The heirs of Mr. Partello were clearly

identified by the parol proof as the grantors in the deeds. It is unimportant to set out the testimony.

The only other point necessary to mention is the claim of the defendant that the plaintiff has not made out a title to a five-sixths interest in the land, but only to three-fifths, or at most three-fourths. In instructing the jury the court stated as a fact that the plaintiff had established a title to the land described in his declaration, viz., a five-sixths interest therein. This statement of fact was not challenged by counsel for the defendant. This court has repeatedly held that where the trial judge, in his instructions, makes a statement of fact, it is the duty of the party against whose interest it is made to call the attention of the court to it; otherwise, it cannot be raised in the appellate court. We see no reason why that rule should not apply in this case.

This trial, as well as the others, seems to have been based upon the theory that the plaintiff was the owner of a five-sixths interest. This question was not raised upon the trial, nor even referred to, unless it be in the following statement: One Mrs. Dibble, who had married one of the sons of Welcome J. Partello, had testified in regard to the heirs. The defendant was re-called by his counsel, and asked whether, after he got into possession, Mrs. Dibble did not claim to him that she had some interest in the land. This was objected to as immaterial, when defendant's counsel said:

"The testimony shows that Mrs. Dibble, before she deeded to Wolf, had acquired a one-sixth interest in the land by reason of the death of one of her children. She also had a dower interest in it. I don't know when that statute went into effect, but there was a time when that heir's estate would go back to the mother. Lois Partello was one of the heirs, who died at 16. Her father was dead, and there was a mother and brothers and sisters. The question is, where would her share go to?"

The court said:

"I think it is somewhat remote. I will not rule it out

now. I don't see how it could change the character of his possession any."

No reference was afterwards made to it during the trial. We think, therefore, that the defendant is not now in a position to raise the question.

Judgment affirmed.

The other Justices concurred.