PROULX v. BAY CITY.

1. HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — PERSONAL INJURIES—INSTRUCTIONS.

In an action against a city for personal injuries received on a defective sidewalk, the defense being contributory negligence, instructions examined, and *held*, not objectionable as submitting the question of contributory negligence solely on the theory that plaintiff had previous knowledge of the condition of the walk, whereas defendant's theory was that by the exercise of ordinary care at the time of the injury plaintiff might have observed the condition of the walk.

2. TRIAL—INSTRUCTIONS—THEORY OF CASE—MISAPPREHENSION.

Fairness to the trial court requires that, in case of misapprehension by the court in his charge as to counsel's theory of the case, he should be promptly informed of his error.

3. DAMAGES—PERSONAL INJURIES—ORIGIN OF SYMPTOMS.

Where plaintiff in falling on a defective sidewalk bruised her knee, ran slivers into her hand, and sustained a rupture of the navel, the contention that the verdict should be set aside as including damages for paralysis, numbness, and other symptoms due to hysteria alone, cannot be maintained, since it is for the jury to say whether the physical injury was the direct cause of the paralysis and other symptoms.

Error to Bay; Shepard, J.    Submitted January 5, 1906.    (Docket No. 26.)    Decided April 3, 1906.

Case by Elizabeth Proulx against the city of Bay City for personal injuries.    There was judgment for plaintiff, and defendant brings error.    Affirmed.

*S. G. Houghton* (*L. G. Beckwith*, of counsel), for appellant.

*T. A. E. & J. C. Weadock* (*Lewis J. Weadock*, of counsel), for appellee.

BLAIR, J. This is an action for personal injuries claimed to have been sustained by plaintiff's falling on a defective sidewalk within the defendant's corporate limits. Jefferson street, in Bay City, runs north and south; Eleventh street, east and west. On the northwest corner of the intersecting streets is a vacant lot. About 9 o'clock on the evening of August 12, 1904, the plaintiff, in company with her daughter Blanche, a Mrs. Aronson, and a Mr. Martell, left a house on Jefferson street, between Tenth and Eleventh streets, and proceeded south on the east side of Jefferson street, then turned west, crossing Jefferson street and following the sidewalk on the north side of Eleventh street in front of the vacant lot. Martell and Blanche Proulx walked together and a few feet in advance of the plaintiff and Mrs. Aronson, who walked abreast. When the party had reached a point about 25 feet west of the west side line of Jefferson street, the daughter turned around and said, "Be careful, here is a bad place, mother," and at that instant, as is testified, plaintiff caught her foot, or her foot sunk into a hole in the sidewalk, and she fell, sustaining, as she claims, injuries for which she is now attempting to recover.

The sidewalk in front of the vacant lot on Eleventh street, where the injury is claimed to have been sustained, was in a very bad condition. It was not fit to walk across. There were many holes in it, and a number of

planks broken. The stringers were rotted away, and the boards loose, and the walk was in such shape that one passing over it would be likely to realize its condition, even on a dark night. There was an electric arc light on the corner of Eleventh and Jefferson, the night was clear, and there were no obstructions to intercept the light, except one telegraph pole, with a bill board attached, about opposite from where plaintiff claims to have fallen, which cast shadows across the walk.

Defendant does not claim that plaintiff knew anything of the condition of the walk prior to the night of the accident. Counsel for defendant contend that plaintiff was guilty of contributory negligence upon her own testimony. There is considerable confusion in plaintiff's statements upon direct and cross examination, and some of her statements, standing alone, would go far towards supporting defendant's contention. Taking all of her testimony into consideration, however, in connection with the testimony of her companions, we are satisfied that a question of fact was presented which was properly and fairly left to the jury by the court.

Counsel for defendant also complain that the court erred in submitting the question of contributory negligence to the jury, upon the theory that plaintiff had knowledge of the defective condition of the walk; whereas the defendant's whole case, on the question of contributory negligence, was based upon the theory that on the night of the accident she could, by the exercise of ordinary care, have ascertained the condition of the walk and avoided the accident. We do not see how the instructions of the court in this regard could have prejudiced the defendant, since he expressly instructed the jury that:

"If you find from the evidence in the case that she was going over that walk, and using such due care and caution and effort to avoid injury to herself as a careful, prudent man or woman would use under like circumstances, walking over the walk, and the injury was brought upon her unavoidably so far as she was concerned, and her

action did not contribute to it, and otherwise that she was not at fault herself in exercising her right to walk over that walk in the manner she did, and because of that defect in the walk she caught her foot and was thrown and injured, in that case she is entitled to recover against the city, because it has been guilty of negligence, and in that event she would not be guilty of contributory negligence.

"Now as to whether or not she was guilty of contributory negligence is a matter for you to determine, gentlemen. You heard the testimony of the plaintiff, telling where she was, and of her starting from home, and of her walking with a friend over the walk, and her attention being called to the condition of the sidewalk by her daughter just as she claims to have caught her foot in the hole and fell. Was she going over the walk with her friend in the usual and ordinary way in which persons would walk over a sidewalk at that time in the evening, and on the walk in the city, or was she heedless, careless, and without regard to her personal ability, without taking any heed where she walked, or how she walked, when she went along there? If she was using reasonable prudence and care, such as an ordinarily careful and prudent person would use in walking along a walk, and was not at fault, then she is not guilty of contributory negligence; but if she was negligent and heedless, and did not take such care and caution as an ordinarily prudent and careful person would take, in that case she would be guilty of contributory negligence and could not recover."

Furthermore, if the court was not properly presenting defendant's theory of the case to the jury, his attention should have been called to his omission. On the contrary, when counsel were asked, "Is there any claim that there is any testimony that she passed over that walk at any other time?" the city attorney replied, "Not in nearly two years, I think," thereby giving the court to understand that she had been over the walk before, and making no complaint of what the court had theretofore said, of which they now complain. Fairness to the trial court requires that, in case of misapprehension as to counsel's theory of their case, he should be promptly informed as to his error.

It is further contended that the verdict should, on de-

fendant's motion, have been set aside as excessive, for the reason that it included damages for paralysis, numbness, and other symptoms due to hysteria alone, and entirely distinct and unconnected with the physical injury. *Nelson* v. *Crawford*, 122 Mich. 466, is cited in support of this contention. The substance of that case is stated in the headnotes as follows:

" Where defendant dressed himself in woman's clothes, and went, in a spirit of fun, with no malicious motive or intent, to the residence of plaintiff, a neighbor, where he neither offered nor threatened violence, but merely followed plaintiff into her house, making no demonstration other than to tap the ground with a parasol, it was properly *held* that his conduct did not amount to an assault.

" Defendant, with no malicious motive or intent, dressed himself in woman's clothes, and went at dusk to the home of plaintiff, who became frightened at his appearance, and, six weeks later, sustained a miscarriage, which she attributed to the fright. *Held*, that the fright, unaccompanied as it was, by any immediate physical injury, could not be made the basis of a recovery of damages for a result which could not have been contemplated by defendant."

In the present case the plaintiff did suffer physical injuries. Her knee was bruised, slivers were run into her left hand, and she sustained a rupture of the navel. Some days after the accident symptoms of numbness and paralysis in the left side and leg, pains in the back, difficulty and uncertainty of articulation, trouble with her vision, and with the bowels and kidneys, a relaxation of the muscles of the left side, and other symptoms, made their appearance. We think it was so clearly a question of fact for the jury as to whether the physical injury was the direct cause of the paralysis and other symptoms as not to require discussion.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.