## CASHIN v. PLITER.

1. CONTRACTS—LEGALITY—FRAUD—VIOLATION OF CRIMINAL STATUTE.

Since the object of Act No. 101, Pub. Acts 1907, is to protect the public from fraud and to provide a means of ascertaining the identity of the owners of a business conducted under a fictitious or trade name, and a violation of its terms is forbidden under penalty, a contract made by a partnership engaged in contracting, etc., under a fictitious name without filing in the office of the county clerk a certificate showing the names of the members of such firm, was unenforceable in behalf of the partnership because tainted with illegality.

2. SAME—PARTNERSHIP—INNOCENT PARTIES.

As to innocent third parties who have dealt with the firm in ignorance of any illegality, the statute does not take away their rights.

3. SAME—IMPLIED CONTRACTS—COMMON COUNTS.

The statute equally precludes a recovery under the common counts for materials furnished by the copartners without complying with the law.

4. SAME.

> When an agreement has been expressed the law cannot imply one.

Error to Genesee; Wisner, J. Submitted October 18, 1911. (Docket No. 122.) Decided February 10, 1912.

Assumpsit by McArthur Cashin and Charles Narron copartners as the Flint Construction & Realty Company, against William C. Pliter for materials furnished and for work and labor performed. A judgment for defendant on a verdict directed by the court is reviewed by plaintiffs on writ of error. Affirmed.

*Farley & Selby* (*William V. Smith*, of counsel), for appellants.

*Clifford A. Bishop*, for appellee.

STEERE, J. In this case a verdict was directed in favor of defendant, for the reason that the contract sued upon was void under Act No. 101, Pub. Acts 1907; the same being entitled "An act to regulate the carrying on of business under an assumed or fictitious name."

This act prohibits the conduct or transaction of any business in this State under an assumed name, or any other than the real name of each individual owning or conducting the same, unless such person or persons shall acknowledge and file in the office of the clerk of the county in which the business is or is to be conducted, or an office maintained, a certificate setting forth the name under which such business is or is to be conducted, and setting forth the real name of each of the owners of such business, together with the residence and post office address of each of said owners. A copy of such certificate is made evidence of the facts therein contained in courts of law in this State. Violation of the requirements of this act is declared a misdemeanor, punishable by fine and imprisonment.

The declaration alleges in the first count that plaintiffs

are a copartnership, doing business under the firm name of Flint Construction & Realty Company; that on March 14, 1910, plaintiffs, "under the firm name of Flint Construction & Realty Company," entered into a written contract with defendant to build him a house in the city of Flint for the sum of $825; that the same is fully performed and the house finished; that there is a balance due on said contract which defendant refuses to pay. A copy of said contract is attached to and made a part of the declaration. The declaration also contains the common counts. Defendant's plea was the general issue.

At the trial plaintiffs proved that they were engaged in the building and contracting business in the city of Flint in 1910, with offices in the National Bank building in that city, doing business as copartners under the name of the Flint Construction & Realty Company; that as such copartners, and under such name, they entered into a certain contract, in writing, with defendant to build a house for him. The contract was identified and offered in evidence. No proof was made or offered that plaintiffs had complied with the requirements of said Act No. 101. The contract was objected to, and timely objection was also made to all other evidence offered in support of the allegations in the declaration, on the ground that plaintiffs had not complied with the requirements of said act, and had been transacting business in violation thereof; that any contract so made under an assumed name was illegal and not enforceable. The objections were sustained. The court also held that plaintiffs were not entitled to recover under the common counts for labor and material furnished in the construction of said building, and, after the parties had rested, directed a verdict as stated. Plaintiffs made a motion for a new trial, which was denied.

The points presented on the motion for a new trial, and upon which error is assigned, are substantially the same as those urged and argued during the trial of the cause. Briefly stated they are: That said Act No. 101 is a penal act, not implying or intending any other punishment or

loss to those violating it than that expressly provided by fine and imprisonment; that the act has no application in a case where defendant knows who comprise the members of the concern with which he deals, he being estopped by such knowledge; that, even if the contract be void, inasmuch as the same is fully performed, and defendant has benefited thereby, plaintiffs are entitled to recover, under the common counts, the reasonable value of material furnished and labor performed; and that said act is unconstitutional under section 21, art. 5, of the Constitution of this State.

The last objection is not discussed in appellants' brief, but is presented in the record. The one object of the act is manifestly to protect the public against imposition and fraud, prohibiting persons from concealing their identity by doing business under an assumed name, making it unlawful to use other than their real names in transacting business without a public record of who they are, available for use in courts, and to punish those who violate the prohibition. The object of this act is not limited to facilitating the collection of debts, or the protection of those giving credit to persons doing business under an assumed name. It is not unilateral in its application. It applies to debtor and creditor, contractor and contractee, alike. Parties doing business with those acting under an assumed name, whether they buy or sell, have a right, under the law, to know who they are, and who to hold responsible, in case the question of damages for failure to perform or breach of warranty should arise.

The general rule is well settled that, where statutes enacted to protect the public against fraud or imposition, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all contracts in violation thereof are void. Pollock's Principles of Contract (7th Ed.), p. 293; *Drury* v. *Defontaine*, 1 Taunt. 131; *Myers* v. *Meinrath*, 101 Mass. 366 (3 Am. Rep. 368); *Lyon* v. *Strong*, 6 Vt. 219; *Harris* v. *Runnels*, 12 How. (U. S.) 79; *Gibbs* v. *Gas Co.*, 130 U.S. 396 (9 Sup. Ct. 553); *Miller*

v. *Ammon*, 145 U. S. 421 (12 Sup. Ct. 884), and cases cited. This rule has been recognized and adopted in *Re Reidy's Estate*, 164 Mich. 167 (129 N. W. 196), wherein the following language is used:

" It is a well-settled principle of law that all contracts which are founded on an act prohibited by a statute under a penalty are void, although not expressly declared to be so."

It is urged that the *Reidy Case* can be distinguished from the one at bar in the particular that the former is directly aimed at a contract which the law prohibits in the interest of public health and safety; the decision being founded on public policy, to protect citizens against unlicensed and unskilled pharmacists and resultant hazard to human life. It is true that the object of the act in question is not to safeguard human life or health; but both laws are founded on public policy. They are acts of the same class, coming within the police power of the State; one being to protect the public health, and the other to protect the public from imposition and fraud. Each prohibits certain acts, and each makes the violation a criminal offense punishable by fine and imprisonment.

In interpreting the statute under consideration, it can be contended with reason, and in harmony with former decisions of this court construing acts somewhat analogous, we are inclined to the view, that it is not the intent to render a contract made in violation of this act absolutely null and void for every purpose. While, as heretofore stated, the general rule is well settled that a contract made in violation of a statute is void when the statute is otherwise silent, and contains nothing from which the contrary is to be inferred, nevertheless the diversity of legislation gives rise to varying exceptions to this rule; and before applying it in full the court should carefully scrutinize the particular statute under advisement, for the purpose of ascertaining, from the subject-matter and language used, the object for which it was enacted and the intent of its makers, to the end that such intent may be rendered effect-

ual and the indicated purpose accomplished. As this act involves purely business transactions, and affects only money interests, we think it should be construed as rendering contracts made in violation of it unlawful and unenforceable at the instance of the offending party only, but not as designed to take away the rights of innocent parties who may have dealt with the offenders in ignorance of their having violated the statute.

In behalf of the plaintiffs, it is urged that, the contract having been performed and labor and material having been furnished, of which defendant retains the benefit, recovery can be had therefor under the common counts, on an implied promise to pay for the same what they are reasonably worth. But they were furnished under an illegal express contract, by virtue of which there can be no recovery. It is an elementary rule that, where there is an express agreement between parties covering the subject-matter, the law will not imply one. If we say that, the contract declared on being unenforceable, there was, as a matter of law, no contract, and so seek to imply one for the labor and materials furnished, then the implied contract, under the allegations of the declaration and proof offered, is not relieved of the infirmity; for plaintiffs furnished the labor and material and transacted the business under an assumed name in violation of law. Changing the name or form of pleading does not change the character of the illegal transaction; under whatever guise the claim is presented, its groundwork is a violation of the act. In such a case, the doctrine of estoppel cannot be invoked by the plaintiff; but the law leaves the parties where it finds them and refuses relief. It recognizes the defense of illegality, not as a protection to the defendant, but as a disability to the plaintiff. See *Inhabitants of Webster* v. *Sanborn*, 47 Me. 471; *Pangborn* v. *Westlake*, 36 Iowa, 546; *Jameson* v. *Carpenter*, 68 N. H. 62, 63 (36 Atl. 554); *Chattanooga Building & Loan Ass'n* v. *Denson*, 189 U. S. 408 (23 Sup. Ct. 630); 9 Cyc. p. 446, and numerous cases there cited.

We are constrained to hold that the contract sued upon was illegal and unenforceable as to plaintiffs for the reasons above stated.   The trial court correctly held that no recovery could be had under the special count or common counts of the declaration and the proof offered in that connection.

The judgment is affirmed.

MOORE, C. J., and BROOKE, STONE, and OSTRANDER, JJ., concurred.