SPRINGER v. FULLER.

1. APPEAL AND ERROR—JURISDICTION—JUSTICES OF THE PEACE.
The question of jurisdiction of a justice of the peace over
the person of a nonresident is not before the Supreme
Court where the defendant appeared before the justice
without objection, pleaded the general issue, took a gen-
eral appeal to the circuit court, where the case was tried,
and made no objection to the jurisdiction on the trial, or
on motion for new trial, or in an assignment of error, and
raises the point for the first time on appeal.

2. PARTNERSHIP—STATUTES—REGISTRATION OF NAME.
Innocent persons who deal with a copartnership in ig-
norance of the fact that it has failed to comply with Act
No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 et
seq.), do not come within the act, and do not lose their
rights by reason of such noncompliance.

3. SALES—EVIDENCE—CONTRACTS—CONDITIONAL SALE—QUESTION
FOR JURY.
In an action by the seller of a moving picture screen sold
under a conditional sale contract against one claiming
title to the machine under a purchase from the original
buyer, evidence held, to present a jury question whether
defendant or another person had possession of the machine.

4. APPEAL AND ERROR—INSTRUCTIONS.
Defendant cannot complain of the failure of the court to
cover fully his theory of the case in the instructions, where
when the court asks his counsel if the court has cor-
rectly given his claim, his counsel makes no suggestion
as to any omission.

5. SAME.
An assignment of error that "the court erred in his charge
to the jury and did not leave to the jury to decide, if it
was a question for the jury, the vital issues in this case,"
was too indefinite.

Error to Wayne; Mayne, J., presiding.  Submitted
April 5, 1917.  (Docket No. 42.)  Decided May 31,
1917.

Case in justice's court by William Springer and
Elmer E. Stockwell, copartners as the Artcraft Screen
Company, against Charles Fuller for the conversion of
a screen.  There was judgment for plaintiffs, and de-
fendant appealed to the circuit court. Judgment for
plaintiffs.  Defendant brings error.  Affirmed.

*Ward N. Choate,* for appellant.

*Elmer E. Stockwell* and *Robert J. Hall,* for appellees.

Plaintiffs are engaged in manufacturing and selling
gold fiber moving picture screens.  In the fall of 1915
they entered into a contract with a partnership known
as Wheeker & Young, for the sale of one of their
screens, at the sum of $90, $10 down, the balance to
be paid in monthly installments of $20 per month, the
title to remain in plaintiffs until paid for.   This screen
was installed in the Hamilton Theater.   There is testi-
mony in the case, on the part of the plaintiffs, that
Wheeker & Young rented this theater of the defend-
ant, and that the rent for a month was paid by a
check drawn to his order; that at the end of two weeks
defendant came and took the keys to the theater from
Wheeker & Young; that the screen was then there;
that neither Wheeker & Young, defendants, nor any
one else, made further payments on the screen; that
defendant made no claim to Wheeker & Young that
the Hamilton Theater Company owned the theater;
that Wheeker & Young informed plaintiffs of the sit-
uation, and after writing defendant, a representative
of plaintiff came to Detroit and saw him with refer-
ence to the screen; that defendant then claimed that
the screen was his; that he had bought it of Wheeker
& Young, and had paid them $100 for it; plaintiffs'
representative then explained that the screen was sold
on a contract, and that the title remained in plaintiffs,
until it was paid for; defendant then said that plain-

tiffs could have the screen and to go out and get it; plaintiffs' representative then went to the theater where the screen was, but was refused the screen, by the man in charge, without a written order. He again saw defendant, who then told him that he knew he could not get the screen; refused to give a written order; again claimed that he had bought it from Wheeker & Young; showed a stub in his check book which he claimed represented the purchase price; said the screen was in his building, that he had bought it and paid for it; and refused to give it up. Shortly after this one of the plaintiffs called on defendant and told him that he had come to either get the screen or the pay for it. He testifies that defendant said he could have the screen if the court said so, and again claimed that he had bought it of Wheeker & Young, and paid for it, and that if plaintiffs recovered the screen through court, he would sue Wheeker & Young; that he made no claim at this time that the Hamilton Theater Company was in possession of the screen, but claimed it in his own right. Plaintiff says he never heard of the claim made by defendant that the Hamilton Theater Company, and not defendant, had the screen until the claim was made in the circuit court. This suit was brought in justice's court, resulting in a judgment for the plaintiffs, which was appealed to the circuit court.

The defendant, upon the trial at the circuit, disclaimed any right to the screen, denied that he had ever made any claim to it, denied that he had ever purchased it of Wheeker & Young, or that he had ever so stated to plaintiffs, or plaintiffs' representative, and categorically put in issue every material fact testified to by plaintiff and plaintiffs' witnesses, except the claim of plaintiff, that he (defendant) had not asserted before the trial at the circuit that the screen was in the possession of the corporation, and upon this ques-

tion his testimony was not as positive as on the others. He insisted that the screen was in the possession of the Hamilton Theater Company, a corporation of which he was president, but made no claim that the corporation had any rights to it. The case was submitted to the jury. Plaintiffs having recovered, defendant brings the case here.

FELLOWS, J. (*after stating the facts*). The point is made for the first time in the brief in this court that, inasmuch as defendant is a resident of Detroit, the justice of the peace of Highland Park, before whom these proceedings were instituted, had no jurisdiction; therefore the circuit court on appeal had no jurisdiction, and the judgment should be set aside. The question is one of jurisdiction of the person. The defendant appeared in justice's court without objection to the jurisdiction, and pleaded the general issue, he took a general appeal to the circuit court, where the case was tried, and no question of jurisdiction was there raised, either upon the trial or in the motion for a new trial. There is no assignment of error raising the question. Obviously the question is not before us.

Objection is made that plaintiffs' opening statement was exceedingly prejudicial. It is not pointed out in the brief wherein plaintiffs' opening statement differed from the facts proven upon the trial, and we have been unable to find anything in the opening statement that plaintiffs did not have a right to prove on the trial, or that in any way prejudiced defendant.

Plaintiffs are copartners, doing business under the name of "Artcraft Screen Company"; they have complied with the provisions of Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, §§ 6349-6353). Wheeker & Young is a partnership and had not complied with the provisions of Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, §§ 6354-6359). There is no claim that

plaintiffs were aware of this failure to comply with the statute. It is claimed that the original contract of sale from plaintiffs to Wheeker & Young is void, and should not have been received in evidence. It was said by this court in *Cashin* v. *Pliter,* 168 Mich. 386 (134 N. W. 482, Am. & Eng. Ann. Cas. 1913C, 697), in considering the act of 1907:

"As this act involves purely business transactions, and affects only money interests, we think it should be construed as rendering contracts made in violation of it unlawful and unenforceable at the instance of the offending party only, but not as designed to take away the rights of innocent parties who may have dealt with the offenders in ignorance of their having violated the statute."

In the instant case Wheeker & Young are not parties, and plaintiffs themselves have in all regards complied with the law; they are claiming no rights through Wheeker & Young. They are claiming the right to retake their own property, and, to establish that the screen still belonged to them, had the right to show that they retained title in their agreement with the copartnership. They had no knowledge that Wheeker & Young had not complied with the act of 1913; and, while parties failing to comply with the provisions of this act may be penalized, innocent parties who have dealt with them, in ignorance of their want of compliance, cannot be. The statute has no application to the instant case.

Defendant requested the court to direct a verdict in his favor. This the court refused to do; in this there was no error; not only was there testimony that would justify the jury in finding that defendant personally had possession of the screen, and without any color of title, or right to possession, refused to surrender it and kept it for his own use, but there was also testimony that when plaintiffs and plaintiffs' rep-

resentative demanded possession of the screen, and talked with defendant about it, they were led by him to believe that he personally had possession of it and refused to give it up, and that plaintiffs did not know that defendant made any claim that the corporation had possession, until the trial in the circuit, and after they had incurred the expense of the litigation. If the latter was true, the defendant was estopped from setting up possession in the corporation. *Cadwell* v. *Pray*, 86 Mich. 266 (49 N. W. 150). Plaintiffs were entitled to have both theories submitted to the jury, and defendant was entitled to have his theory that the action should have been against the corporation, instead of defendant, also submitted to the jury. The testimony being in conflict the court could not say, as matter of law, which party was right; that was exclusively for the jury.

The remaining assignments of error discussed in the brief relate to the requests to charge and the charge as given. It is urged that the court did not fully state defendant's theory. The charge was concise, but fairly stated the claims of the parties. After stating their claims, and before proceeding further, the court turned to counsel and asked if he had correctly stated their claims; one suggestion was made by defendant's counsel, which was accepted by the court, and no further suggestion was made. If the court had not fully covered defendant's theory, fairness to him required that his attention should then be challenged to any omission, and particularly where he asked counsel if he had correctly given his claim. *Proulx* v. *Bay City*, 143 Mich. 550 (107 N. W. 273); *Davis* v. *McMillan*, 142 Mich. 391 (105 N. W. 862, 3 L. R. A. [N. S.] 928, 113 Am. St. Rep. 585, 7 Am. & Eng. Ann. Cas. 854); *Wolf* v. *Holton*, 110 Mich. 166 (67 N. W. 1082). Not having taken such course, defendant cannot be heard to complain in this court.

Defendant's seventh assignment of error is as follows:

"That the court erred in his charge to the jury and did not leave to the jury to decide, if it was a question for the jury, the vital issues in this case."

This assignment of error is too indefinite. We have, however, examined the charge and discover no error in it. The case was fairly submitted to the jury, the theories of both parties stated, and the law controlling the case correctly given. We have carefully considered all the questions discussed in defendant's brief, and are unable to discover any reversible error on this record. The judgment is affirmed, with costs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.