CLARK *v.* HOLMAN.

1. FRAUDS, STATUTE OF—SALE OF LAND—MEMORANDUM—SIGNATURE OF SELLER.

In an action for the contract price of lots sold at auction, memorandum signed by the buyer but not signed by the seller nor by any one duly authorized by him in writing to sign it, as required by section 11977, 3 Comp. Laws 1915, *held*, insufficient to support the action.

2. NAMES—ASSUMED NAMES—CONTRACTS—VALIDITY—STATUTES.

Where plaintiff, doing business under an assumed name, had neglected to file in the office of the county clerk a certificate setting forth the name under which his business was conducted, and the true and real full name or names of the owner, as required by Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), he could not enforce a contract for the sale of lots.

Error to Lapeer; Williams, J. Submitted October 16, 1918. (Docket No. 68.) Decided December 27, 1918.

Assumpsit by Daniel C. Clark against George Holman on a contract for the sale of certain lots. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Raymond A. Latting,* for appellant.

*B. F. Reed,* for appellee.

BROOKE, J. The plaintiff, doing business under the name of the Louisville Real Estate & Development Co., was in the month of August, 1914, the owner of a tract of land near the city of Lapeer. He subdivided said tract into lots, and on the 12th day of August, 1914, undertook to dispose of the same at auction. A considerable number of people (among them defendant) attended said sale. The auctioneer offered lot 1 of block 3 for sale and defendant was the highest bidder thereon at the sum of $225. Plaintiff immediately talked with defendant and it was then agreed between them that defendant should take lots 1, 2, and 3 in said block at the same figure. The terms of the sale provided that one-third of the purchase price of said lots should be paid in cash, one-third in six months thereafter, and one-third in twelve months thereafter. The following memorandum was signed by defendant.

"This is to certify that I have this day bought
through
THE LOUISVILLE REAL ESTATE & DEVELOPMENT CO.
Lot No. 1-2-3 in Block 3 according to the official plan
of ............................................,
for which I agree to pay $225.00 on the following
terms: ..................... cash on day of sale,
balance ...................................
"Date Aug. 12, 1914.
                              "Signature, GEO. HOLMAN.
"Witness: ..............................."

Thereafter plaintiff tendered to defendant a deed

of the lots in question and demanded payment of one-third of the purchase money and the execution of notes for the balance secured by a mortgage upon the real estate as collateral. Performance on behalf of the defendant was refused and this suit was brought to recover the sum of $675, the amount of the contract price. The plea·was the general issue. Upon the trial, after it had appeared through the examination of plaintiff that he was doing business under an assumed name, the defendant was permitted by leave of the court to file an amended plea setting up the fact that plaintiff had not at any time filed in the office of the county clerk of said county of Lapeer a certificate setting forth the name under which his business was conducted and the true and real full name or names of the person or persons owning, conducting or transacting the same as required by Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 et seq.). At the conclusion of plaintiff's case a motion for a direction in favor of defendant was made and granted.

Three assignments of error are argued on behalf of appellant as follows:

"1. The court erred in directing a verdict in favor of the defendant and refusing to submit the case to the jury for their decision and opinion.

"2. The court erred in charging the jury as follows:

"'So, that, gentlemen, so far as this contract which it is claimed Mr. Holman made to purchase those three lots, I hold that under the statute it is not evidenced in such a way that the plaintiff would acquire any rights against Mr. Holman on account of having entered into that agreement.'

"3. The court erred in charging the jury or holding as a matter of law:

"'That the sale made by the investment company to Mr. Holman would not put Mr. Clark in a position that he could recover in this action against Mr. Holman for anything growing out of that contract. So that on both branches of the case, gentlemen,

I shall hold against the contention of the plaintiff, and direct you to direct a verdict of no cause of action in favor of the defendant.' "

The statute of frauds touching the question as it stood when the contract was entered into is as follows:

"Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized by writing." 3 Comp. Laws 1915, § 11977.

By an amendment (Act No. 83, Pub. Acts 1917), the following proviso was added:

"*Provided,* That whenever any lands or interest in lands shall be sold at public auction and the auctioneer or the clerk of the auction at the time of the sale enters in a sale book a memorandum specifying the description and price of the land sold and the name of the purchaser, such memorandum, together with the auction bills, catalog or written or printed notice of sale containing the name of the person on whose account the sale is made and the terms of sale, shall be deemed a memorandum of the contract of sale within the meaning of this section."

We think it clear that the learned circuit judge was right in holding that the memorandum signed by the defendant was not signed by the plaintiff nor by any one duly authorized by him in writing to sign it and therefore that it was insufficient to support plaintiff's action. The amendment of 1917 has no bearing upon the question involved.

The direction of a verdict upon the second ground was likewise warranted under the ruling of this court in *Cashin* v. *Pliter,* 168 Mich. 386.

Judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.