

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
~~XXXXXXXXXXXXXXXXX~~  
ATTORNEY GENERAL

AUSTIN 11. TEXAS

Honorable Paul T. Holt  
County Attorney  
Travis County  
Austin, Texas

Dear Sir:

Opinion No. O-1630  
Re: County Clerk's method  
of indexing "Assumed Name"  
as required by Article  
5926, R.C.S.

We have for reply your letter of October 25, 1939, wherein you request the opinion of this Department as to the method to be employed by the county clerk in the indexing of "Assumed Name" certificates filed in that office pursuant to the terms of Article 5926, Revised Civil Statutes.

The pertinent part of your request is: "* * * * should the 'Assumed Name Index' be kept and indexed according to the person filing same or should this record be indexed according to the name set out in the assumed name certificate?"

Your request is a matter of statutory construction necessitating diligent inquiry into the legislative intent fostering the enactment of this statute.

Clary v. Hurst, 138 S.W. 566, 104 Tex. 423  
Koy v. Schneider, 221 S.W. 880, 110 Tex. 369  
Popham v. Patterson 51 S.W. (2) 680, 121 Tex. 615

A proper background must be provided by setting out the provisions of Article 5924, Revised Civil Statutes.

"No person shall conduct or transact business in this State under any assumed name or under any designation, name, style, corporate or otherwise other than the real name of each individual conducting or transacting such business, unless such person shall fine in the office of the county clerk of the counties in which such person conducts, or transacts or intends to conduct or transact such business, a certificate setting forth the name under which such business is, or is to be, conducted or transacted, and the true full name or names of each person conducting or transacting the same, with the post-office address of each. * * *"

Continuing, Article 5926, Revised Civil Statutes, provides that:

"Each county clerk shall keep an alphabetical index of all persons filing certificates provided for herein, and for indexing and filing each certificate shall receive a fee of one dollar.* * *"

To properly arrive at the intent of the Legislature we must constantly keep before us the evil sought to be remedied. A clue is afforded by the terms of the emergency clause:

"The fact that there is now no law providing for the registration of the names of persons doing business under assumed or fictitious names, and that absence of such law impairs the stability of credits in the state* * * The 'Assumed Name Act', Acts of 37th Leg., Sec. 7."

Thus we see that the purpose of the Legislature in passing this act, as indicated in the emergency clause, was to prevent the impairment of credits in this State. See Bristol v. Noble Oil and Gas Co., 273 S.W. 946. The court in the Bristol case, supra, cites with approval the following extract from the leading case of Cashin v. Pliter, 168 Mich. 386, 134 N.W. 482, rendered by the Sup. Ct. of Michigan.

"Parties doing business with those acting under an assumed name have a right under the law to know who they are. * * *"

It is evident that our Legislature enacted this law, seeking thereby, to guard the economic and business mores of this State from the conceivable dangers lurking behind the use of a fictitious name by persons engaged in business. In furtherance of this design, they provided that the certificates showing the mythical names should be filed and indexed in the office of the county clerk for the benefit of all persons interested.

In essence, Article 5924, states that,"No person shall engage in business under an assumed name unless such person shall file a certificate with the county clerk giving each person connected therewith." Article 5926 provides in express language that, "Each county clerk shall keep an <u>alphabetical index of all persons filing certificates</u> * * * <u>and for indexing and filing each certificate shall receive a fee</u> * * *." (underscoring ours). We think that it is clear that the Legislature, by the use of the language set out above, intended to distinguish between an index of the persons filing certificates and an index of the certificates so filed. Since the extraction of the truth from a fictitious cloak was the <u>causa sui</u> of the statute, it is incon-

ceivable that the Legislature intended to provide for an indexing according to the "Assumed Name" only.

Possibly, as you suggest, it would be more convenient to index the files according to the "Assumed Name" only; however, when the legislative intent can be gathered from the plain and unambiguous language of a statute a matter of convenience will not grant sufferance for the finding of some other intent. Obviously the single purpose of this statute is to afford the public an opportunity to know the identity of persons operating businesses under assumed names. See 30 Tex. Jur. 593, Cooper Cotton Co. v. First State Bank, 37 S.W. (2) 805.

Therefore, to adequately serve the spirit of the statute, and to give force and effect to the intention of the Legislature, we are of the opinion that the county clerk should cross-index the certificate files both as to the "Assumed Name" and the name of the person filing said certificate; thus affording a two-way approach to the problem.

Trusting the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Benjamin Woodall

By

Benjamin Woodall
Assistant

By   s/ Grundy Williams

Grundy Williams

APPROVED NOVEMBER 14, 1939
s/ W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL


GW:RS/cg

APPROVED OPINION COMMITTEE By BWB, Chairman