SCHWARTZ v. GONZALEZ

1. CONTRACTS—LICENSES—ARTISTS' MANAGERS—VOID CONTRACTS.

An artist's manager cannot recover on his contract with the artist where the manager has failed to comply with a statute requiring licensing of artists' managers because the contract with the artist is regarded by the courts as void (MCLA § 408.615).

2. STATUTES — CONSTRUCTION — PROTECTION OF PUBLIC — VOID CONTRACTS.

Contracts in violation of, or which do not comply with, statutes designed to protect the public against fraud or imposition, or safeguard the public health or morals, or which contain a prohibition or impose a penalty, are void, even though the statute does not so provide.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 7.
[2] 17 Am Jur 2d, Contracts §§ 156, 165–173, 216, 228.

Appeal from Saginaw, Fred C. Borchard, J. Sub-
mitted Division 3 June 3, 1970, at Lansing. (Docket
No. 7,711.) Decided June 25, 1970.

Complaint by Bob Schwartz against Jose H. Gon-
zalez, Lillis A. Gonzalez, Rudy Martinez, Bobby
Balderrama, Frank Rodriguez, Eddie Serrato,
Frank Lugo and Pa-Go-Go Productions for breach
of contract. Summary judgment for defendants.
Plaintiff appeals. Affirmed.

*Cooper, Baskin & Feldstein,* for plaintiff.

. .*Haines & Marti,* for defendants.

Before: Lesinski, C. J., and Quinn and Rood,*
JJ.

Quinn, J. Plaintiff's action was for breach of
contract by defendants. The trial court granted
defendants' motion for summary judgment of dis-
missal, finding that the complaint failed to state a
claim upon which relief could be granted. The basis
for this finding was that the contract involved was
an artist's management contract, and plaintiff, the
manager, was not licensed as required by MCLA §
408.603 (Stat Ann 1968 Rev § 17.393); hence, the
contract was unenforceable.

The controlling issue is whether plaintiff is sub-
ject to the statute. The pertinent language of the
statute reads:

"No person shall open, operate or maintain an
employment agency in the state of Michigan without
first procuring a license from the state superintend-
ent of private employment bureaus."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Another section of the statute, MCLA § 408.615 (Stat Ann 1968 Rev § 17.405), classifies the licenses to be granted.  Section 408.615(d) provides:

"A class 4 license shall entitle the holder to engage in the business or profession of serving as manager, business advisor or rendering technical service to an entertainer.  An artist's manager shall be licensed under a class 4 license regardless of where such business is conducted."

MCLA § 408.616 (Stat Ann 1968 Rev § 17.406) specifies the rules applicable to each classification of license.  Section 408.616(a) specifies the rules applicable to an artist's manager license.

MCLA § 408.621 (Stat Ann 1968 Rev § 17.411) makes violation of the act a felony.

Plaintiff concedes that the contract involved is for artist's management.  This concession and the foregoing statutory provisions mandate a holding that plaintiff was subject to the act and was required to be licensed.

The contract involved was void regardless of the fact that there is no statutory language declaring it to be so.  As was said in *Cashin* v. *Pliter* (1912), 168 Mich 386, 389:

"The general rule is well settled that, where statutes enacted to protect the public against fraud or imposition, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all contracts in violation thereof are void."  (Citing authorities.)

We decline comment on plaintiff's final claim that the statute must be strictly construed because it is penal in nature.  The penal provision is not here involved.

Affirmed with costs to defendants.

All concurred.