SILVER *v.* A. O. C. CORPORATION

1. LICENSES — ELECTRICAL CONTRACTING — EXEMPTION — MINOR RE-
   PAIRS — VALUE FACTORS.
      Both materials and labor used to complete electrical repair work
      are to be included in determining whether the value of the
      work done was less than $50, and, thus whether the repair-
      man was not required to have an electrical contractor license
      (MCLA § 338.881 *et seq.*).

2. CONTRACTS—VIOLATION OF STATUTE—EFFECT.
      One who enters into a contract to perform services or furnish
      materials in violation of a statute which is enacted to protect
      the public health, morals, and safety, and which contains a
      penal provision cannot maintain an action to recover on
      the contract.

3. CONTRACTS—VIOLATION OF STATUTE—LICENSES—ELECTRICAL CON-
   TRACTING.
      A plaintiff was not allowed to maintain a suit to recover on a
      contract to perform services and furnish materials for an
      electrical wiring job where the plaintiff was not licensed
      under the electrical administration act and where his work
      exceeded $50 in value (MCLA § 338.881 *et seq.*).

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 January 6, 1971, at Detroit.
(Docket No. 8785.)   Decided February 24, 1971.

Complaint by Arthur Silver against A. O. C. Cor-
poration for damages for breach of contract. Judg-
ment for plaintiff. Defendant appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  51 Am Jur 2d, Licenses and Permits § 42.
[2]  17 Am Jur 2d, Contracts § 216 *et seq.*
[3]  51 Am Jur 2d, Licenses and Permits §§ 63–67.

*Citron, Citron & Weiss,* for plaintiff.

*Hirsch, Keene & Jacobs,* for defendant.

Before: R. B. Burns, P. J., and J. H. Gillis and Danhof, JJ.

Per Curiam. This is an appeal by leave granted from a judgment of the Wayne County Circuit Court which affirmed a judgment for plaintiff entered in common pleas court in a contract action for materials and services rendered.

Plaintiff is a journeyman electrician. At no time pertinent to this action was he licensed as an electrical contractor under either the state electrical administrative act, MCLA § 338.881 *et seq.* (Stat Ann 1970 Cum Supp § 18.204[1] *et seq.*), or the equivalent Detroit ordinance. Defendant is an apartment management company.

In 1966 plaintiff was employed by defendant's predecessor to repair lights at a Second Boulevard apartment building in Detroit. At that time he met the caretaker, to whom he gave his card "just in case they had an emergency sometime and they couldn't get ahold of [the management company], they could call me direct".

In 1967 the caretaker's wife called plaintiff to repair a short circuit in the caretaker's apartment. After fixing the short circuit plaintiff was asked by the caretaker's wife to fix one or two hallway lights. Plaintiff discovered that the wires in the hallway fixtures were burned by oversized bulbs. He found that the same condition existed in all the lights in the building and undertook to replace and rewire all the defective wiring. The project was accomplished over a four-month period (July–October, 1967). Plaintiff spent 125 hours on the job and used $143

worth of his own materials. In October, 1967, he submitted a bill for $893 to the defendant. It was defendant's first notice that the work had been done.

Defendant refused payment and plaintiff sued. Judgment for plaintiff was given in Common Pleas Court on findings that the work performed amounted to minor repair work which was exempted from the licensing statute and that the caretaker's wife had actual or apparent authority to contract on behalf of defendant. The circuit court affirmed, finding the characterization of the job as minor repair work not error and the finding of proper agency not against the great weight of the evidence.

Defendant claims the trial courts erred in holding that plaintiff was exempt from the licensing statute because the work done was minor repair work.

The electrical administrative act was an act "to safeguard persons and property" and "to provide for licensing of electricians and electrical contractors and the inspection of electrical wiring". MCLA § 338.881 (Stat Ann 1970 Cum Supp § 18.204[1]). The act, in effect, is to insure that persons who do electrical work are duly licensed. Section 7 of the act provides that no person, firm, or corporation shall engage in a business of electrical contracting unless duly licensed as an electrical contractor. An exception to this section is minor repair work, Section 7(a), which is defined as "electrical wiring not in excess of a valuation of $50". Section 1(f).

There appears to be little doubt that what plaintiff was doing would be considered to be electrical contracting. Section 1(b) defines electrical contracting as "any person, firm or corporation engaged in the business of erecting, installing, altering, repairing, servicing or maintaining electrical wiring devices, appliances or equipment". One of defendant's witnesses, a senior assistant electrical engineer

and supervisor of the Detroit Electrical Inspection Bureau, testified that the type of work done "was required to have been contracted for by a licensed electrical contractor".

Thus, unless the work fell under the "minor repair work" exception it could only be done by a licensed electrical contractor, which plaintiff wasn't.

As stated earlier, "minor repair work" is that which in value is worth $50 or less. Included in this figure must be the material as well as labor necessary to complete the repair and restore the item to good working order. OAG, 1961–1962, No. 4075, p 465 (July 30, 1962).

It was stipulated below that the value of the work done was $893. Since this is well in excess of $50, this work would not come under the "minor repair work" exception to the licensing requirement.

Plaintiff was in violation of the licensing act when he did the work. Therefore, his action to recover on the contract should be barred from the courts. When one enters into a contract to perform services or furnish materials in violation of a statute which is enacted to protect the public health, morals, and safety, and which contains a penal provision, as this statute does, he cannot maintain an action to recover thereon. *Cashin* v. *Pliter* (1912), 168 Mich 386; *Turner* v. *Schmidt Brewing Co.* (1936), 278 Mich 464.

The judgment of the circuit court affirming the judgment of the Common Pleas Court is reversed and the cause is remanded to the circuit court for entry of a judgment in favor of defendant against the plaintiff in the amount of $1,026.45, the sum recovered by plaintiff through a writ of garnishment while the appeal was pending. Costs to appellant.