L. Barron Hill, J.
Defendant seeks to dismiss the complaint under rule 106 of the Rules of Civil Practice for its failure to state facts sufficient to constitute a cause of action.
Defendant is an insurance company in the business of issuing liability policies. Plaintiff purchased one of defendant’s policies covering certain real property owned by it. The period of the policy ran from February 9,1956 to February 9, 1957.
The plaintiff sold the house and was thereafter sued for an accident occurring therein on November 15, 1957. The complaint alleged that the accident was caused by the negligence of plaintiff in installing certain cabinets which loosened and fell on the head of the claimant in the other action.
Plaintiff claims that it installed the cabinets while defendant’s policy was in effect, i.e., during the period from February 9, 1956 to February 9, 1957, and therefore, defendant was under a duty to defend plaintiff in the lawsuit and is liable to plaintiff for attorney’s fees or else must defend the suit.
The complaint states that a copy of the contract of insurance is attached, but defendant maintains that none was attached to the copy served on it, that the facts alleged in the complaint are insufficient without the contract, and the complaint should be dismissed. On this motion a copy of the contract has been supplied.
The policy provides in part:
*775 “IV. Policy Period, Territory: This policy applies only to accidents which occur during the policy period within the United States. * * * ”
“Coverage B — Bodily Injury Liability — Except Automobile : To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.”
“II. Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy, the company shall:
‘ ‘ (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent ”. (Emphasis supplied.)
It is apparent, therefore, that plaintiff was insured against accidents occurring during the policy period. It was not insured against its negligence occurring during the policy period. If the latter is the type of policy plaintiff desired, it did not purchase such a policy. It was insured against accidents, but on the face of the complaint, the accident did not occur during the policy period. It follows that defendant was under no duty to defend the lawsuit for the accident occurring on November 15, 1957.
Motion granted. Settle order.