■ SUMNER N. COHEN, as Executor of REBECCA FINN, Deceased, Appellant, v. GREAT AMERICAN INDEMNITY COMPANY, Respondent.— In an action to recover for legal fees and disbursements incurred by reason of the defendant insurer's failure to defend plaintiff's testatrix under the terms of a liability insurance policy issued by the defendant, the plaintiff executor appeals: (1) from an order of the Supreme Court, Westchester County, dated March 8, 1963, which denied his motion for summary judgment and granted such relief in the defendant's favor, dismissing the complaint on the merits; and (2) from the judgment of said court, entered March 19, 1963 upon said order. Order and judgment affirmed, with one bill of $10 costs and disbursements. The issue on this appeal is whether the plaintiff's testatrix was an insured within the meaning of an Owners', Landlords' and Tenants' liability policy. The defendant insurer issued the policy to the testatrix, Mrs. Finn, on May 18, 1954, for the period from that date to May 18, 1957. On June 30, 1955, Mrs. Finn sold the insured premises; and, at the closing of title, she assigned the policy to the new owners. One of the new owners suffered an accident on the premises on September 21, 1955 and sued Mrs. Finn in negligence. The insurer refused to defend Mrs. Finn in that action. The plaintiff executor seeks to recover from the insurer reimbursement for the legal fees and disbursements incurred in connection with the defense of the tort action on the ground that the insurer was obligated under the "alienated premises" clause of the policy to defend Mrs. Finn. In pertinent part, that clause provides that the "insurance * * * afforded by the policy * * * applies to premises alienated by the named insured * * * if the accident occurs after the named insured has relinquished possession of such premises". The insurer urges that such provision must be read in the context of the policy which, in another part, provides that the "policy applies only to accidents which occur during the policy period." It contends that as to Mrs. Finn the policy period terminated when she assigned her interest in the policy and that, therefore, the "alienated premises" clause has no application. In support of such contention the insurer points out that, had the policy not been assigned, the "alienated premises" clause would have been operative much like a grantor's liability policy; in other words, had Mrs. Finn continued the insurance coverage in her own favor, then, despite the fact that she may have alienated the premises, she would still be entitled to coverage under the terms of the policy. We agree with Special Term that, although the policy itself was still in effect as to the assignees at the time of the accident, the policy period was terminated as to Mrs. Finn when she relinquished her rights under it by the assignment (cf. *Home Mut. Fire Ins. Co.* v. *Hosfelt, C. C. H. Ins. Law Rep.*, 11 Fire and Casualty Cases 317; see, also, *Har-Lee-Kay Realty Corp.* v. *Providence Washington Ind. Co.*, 11 Misc 2d 774). The "alienated premises" clause is therefore ineffective under these facts. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.