LONG v THUNDER BAY MANUFACTURING CORPORATION

Docket No. 77-2558. Submitted June 15, 1978, at Detroit.—Decided September 21, 1978.

Defendant Thunder Bay Manufacturing Corporation gave defendant Lawrence Rice an automobile by executing an assignment of the title and delivering the assigned title and the vehicle to him on May 26, 1972. On November 4, 1972, plaintiff, James J. Long, was injured in an accident involving the vehicle, which was being driven by defendant Rice. At the time of the accident the license plates registered to Thunder Bay were on the vehicle and the registration and title had not been transferred at the Secretary of State's office. Plaintiff sued defendants for damages for his injuries and the Wayne Circuit Court, Charles S. Farmer, J., first granted defendant Thunder Bay's motion for summary judgment and then vacated the judgment. Thunder Bay appeals by leave granted. *Held:*

The application of the statute governing liability for negligent operation of recently transferred automobiles is not affected by defendant Thunder Bay's failure to remove the license plates at the time of transfer.

Reversed.

N. J. KAUFMAN, J., dissented. He would hold that since removal of the plates is mandated by statute the transfer to defendant Rice was void for noncompliance and that defendant Thunder Bay is not entitled to summary judgment.

OPINION OF THE COURT

1. AUTOMOBILES—STATUTES—NEGLIGENCE—TRANSFER OF AUTOMOBILES —LIABILITY OF SELLER FOR NEGLIGENT OPERATION.

The statute governing liability for negligent operation of recently transferred automobiles is not affected by a seller's failure to remove the license plates (MCL 257.240; MSA 9.1940).

DISSENT BY N. J. KAUFMAN, P.J.

2. AUTOMOBILES—STATUTES—NEGLIGENCE—TRANSFER OF AUTOMOBILES —LIABILITY OF SELLER—NEGLIGENT OPERATION.

*The statute governing liability for negligent operation of recently*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 996, 997.

*transferred automobiles does not apply where the title to the automobile and license plates are not transferred at the Secretary of State's office and the statute requiring removal of the license plates from the vehicle has not been complied with; a transfer under such conditions is void and the transferor is liable for damages resulting from negligent operation of the vehicle by a third person (MCL 257.233, 257.240; MSA 9.1933, 9.1940).*

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Paul F. Ray)*, for defendant Thunder Bay.

Before: N.J. KAUFMAN, P.J., and BEASLEY and P.R. MAHINSKE,* JJ.

PER CURIAM. We believe MCL 257.240; MSA 9.1940, set forth as follows, means just what it says:

"The owner of a motor vehicle who has made a bona fide sale by transfer of his title or interest and who has delivered possession of such vehicle and certificate of title thereto properly endorsed to the purchaser or transferee shall not be liable for any damages thereafter resulting from negligent operation of such vehicle by another."

Defendant Thunder Bay Manufacturing Corporation made a bona fide sale to defendant Rice and delivered possession of the vehicle and the certificate of title properly endorsed. Therefore, under the statute, defendant Thunder Bay was not liable for damages resulting from negligent operation by another.

None of the cases cited in the dissenting opinion involves car license *plates.* Failure to remove the plates does not preclude the application of MCL 257.240; MSA 9.1940.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

We further note that plaintiff-appellee did not see fit to file a brief.

We reverse the order denying defendant-appellant's motion for summary judgment. Defendant's motion for summary judgment is hereby granted.

Reversed.

N. J. KAUFMAN, P.J. *(dissenting).* This lawsuit was filed in Wayne County Circuit Court on September 12, 1973, against defendant Lawrence Rice as a result of an automobile accident allegedly occurring on November 4, 1972. In his original complaint, plaintiff stated that defendant Rice was the owner and driver of the automobile bearing a 1972 Michigan license plate number BKP 591.

On September 17, 1973, an amended complaint was filed claiming that at the time of the accident defendant Thunder Bay Manufacturing Corporation (hereinafter Thunder Bay) was the owner of the vehicle.

In answer to the amended complaint, defendant Thunder Bay denied ownership of the motor vehicle involved and specifically stated that it transferred the vehicle to Rice on May 26, 1972.

Defendant Rice, in answer to the amended complaint, stated:

"In answer to the allegations contained in paragraph four, this Defendant admits that he was operating the subject vehicle at the time and place set forth, and further states that said vehicle had been given to him as a gift, the title signed but not transferred through the Secretary of State, and as to the issue of the Defendant, Thunder Bay Manufacturing Corporation being the owner of said vehicle, this Defendant cites what has been previously stated."

A motion for summary judgment was brought by

defendant Thunder Bay and granted with plaintiff's consent on April 19, 1974. It stated in full:

"ORDER FOR SUMMARY JUDGMENT
"At a session of said Court held in the City-County Building at Detroit, Michigan on April 19, 1974

"PRESENT:   Hon. Charles S. Farmer

"Upon motion having been brought and plaintiff's counsel having no objections hereto, and the Court being more fully advised in the premises;

"IT IS HEREBY ORDERED that defendant, THUNDER BAY MANUFACTURING CORPORATION's Motion for Summary Judgment be and the same is hereby granted.

[/s/] _____
              Circuit Court Judge

"APPROVED AS TO FORM:
"[/s/] _____
    Peter Abbo
"[/s/] _____
    Albert A. Kramer        "


On November 14, 1975, an order was entered setting aside the summary judgment, stating in full:

"ORDER
"At a session held in said Court in the City-County Building, Detroit, Michigan on November 14, 1975

"PRESENT:   HONORABLE CHARLES S. FARMER
                          Circuit Court Judge

"Upon Motion made by plaintiff in this matter and the Court otherwise fully advised in the premises;

"IT IS HEREBY ORDERED that Summary Judgment in favor of defendant Thunder Bay Manufacturing Cor-

poration, entered in this matter on April 19, 1974 is
hereby set aside.

[/s/]_____
Circuit Court Judge

"APPROVED AS TO FORM
"[/s/]_____
PAUL F. RAY
Attorney for Thunder Bay Mfg. Corp."

Defendant Thunder Bay appeals by leave
granted from the order setting aside the order
granting summary judgment in its favor.

MCL 257.240; MSA 9.1940 states:

"The owner of a motor vehicle who has made a bona
fide sale by transfer of his title or interest and who has
delivered possession of such vehicle and certificate of
title thereto properly endorsed to the purchaser or
transferee shall not be liable for any damages thereaf-
ter resulting from negligent operation of such vehicle
by another."

It would appear from a review of the affidavits
filed that the statutory prerequisites for the above
statute were met in this case by defendant Thun-
der Bay Manufacturing Corporation; specifically,
that title was transferred and possession of the
vehicle delivered prior to the accident.

If that was all there was to this case, our task
would be simple. However, another section of the
motor vehicle act, MCL 257.233; MSA 9.1933,
states in full:

"(a) [Removal and disposition of plates; application for
certificate.] Whenever the owner of a registered vehicle
transfers or assigns his title or interest thereto, the
registration plates issued for such vehicle shall be
removed and forwarded to the division, or transferred
to the owner's spouse, mother, father, sister, brother or
child to whom title or interest in the vehicle is also
transferred, or retained and preserved by the owner for

transfer to another vehicle upon application and payment of the required fees. It shall be unlawful to transfer such plates to any vehicle without applying for a proper certificate of registration describing the vehicle to which the plates are being transferred except as provided in subsection (b) of section 217. If the owner of a currently registered vehicle subsequently acquires another vehicle without transferring or assigning his title or interest in the vehicle for which the plates were issued, the owner may have such plates transferred to the subsequently acquired vehicle upon application and payment of the required fees.

"(b) [Old registration or title certificate.] Whenever the assigned holder of registration plates elects to make application for a new registration certificate, the application shall be accompanied either by the old registration certificate or by a certificate of title showing him to be the assigned holder of the registration plates for which the old registration certificate had been issued.

"(c) [Offense.] It is a misdemeanor for any person to fail or neglect to fulfill the provisions of subsection (b) of this section.

"(d) [Assignment and warranty of title; statement of security interests.] The owner shall indorse on the back of the certificate of title an assignment thereof with warranty of title in the form printed thereon with a statement of all security interests in said vehicle or in any accessory thereon, sworn to before a notary public or some other person authorized by law to take acknowledgements, and deliver or cause the same to be mailed or delivered to the department or to the purchaser or transferee at the time of the delivery to him of such vehicle, which shall show the payment or satisfaction of any security interest as shown on the original title.

"(e) [Effective date of transfer of title.] Upon the delivery of a motor vehicle and the transfer, sale, or assignment of the title or interest in a motor vehicle by a person, including a dealer, the effective date of the transfer of title or interest thereto shall be the date of execution, in the presence of a notary public or some other person authorized to administer oaths in the

county, of either the application for title or the certificate of title."

It should be noted that at the time the motion for summary judgment was made, the trial court had been made aware of only the shorter title transfer statute. At the time that the order setting aside the summary judgment was entered, the trial court was also aware of the more involved statute involving the removal of the license plates.[1] It may be seen that all of the requirements of MCL 257.233; MSA 9.1933 were not complied with at the time of the accident. The license plates were still on the automobile and the title of the automobile as well as the license plates were never transferred in the Secretary of State's office.

In *Messer v Averill,* 28 Mich App 62, 66; 183 NW2d 802 (1970), *lv den* 384 Mich 808 (1971), our Court stated:

"The mandates of the Michigan Vehicle Code must be followed and our Courts have been adamant in their refusal to sanction anything less than strict compliance."

The *Messer* holding is an application of the rule expressed in *Cashin v Pliter,* 168 Mich 386, 389; 134 NW 482 (1912):

"The general rule is well settled that, where statutes enacted to protect the public against fraud or imposi-

---

[1] On appeal, appellant only discusses MCL 257.240; MSA 9.1940, although it was clear that the trial court's order setting aside the summary judgment was based on both that provision and MCL 257.233; MSA 9.1933. A careful examination of the file discloses that on October 6, 1975, the trial court, in a related proceeding, stated that defendant Thunder Bay had not fully complied with the provisions of *both* statutes. Thus, I treat the trial court's certification of the question of law to this Court as a request for a judicial construction of both statutes.

tion, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all contracts in violation thereof are void."

In *Endres v Mara-Rickenbacker Co*, 243 Mich 5, 9; 219 NW 719 (1928), a case with a factual situation similar to this case, the Supreme Court cited *Cashin* and concluded:

"In view of the purpose and language of the statute, we think it was the intent of the legislature that a sale or transfer of an automobile in violation of the provisions of the act should be void. It follows that in the case at bar there was not a sale to Pushkin, that as between him and the dealer, the dealer was the owner of the car (which ownership on this record the dealer may not question), that it was being driven with consent of the dealer at the time of the accident, and that it is liable."[2]

Based on the above authority, I would affirm the trial court's order setting aside the summary judgment in defendant Thunder Bay's favor.

[2] The statute involved in *Endres v Mara-Rickenbacker Co*, 243 Mich 5; 219 NW 719 (1928), 1921 PA 46, §§ 3, 4, is the predecessor to MCL 257.233; MSA 9.1933.