STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
SALINAS

Docket No. 63763. Submitted April 6, 1983, at Grand Rapids.—Decided July 20, 1983. Leave to appeal applied for.

Ricardo Salinas, while driving an automobile furnished or made available for his frequent or regular use by its owners Joseph and Dora Cross, was involved in an accident with a vehicle driven by Theodore Brown and occupied by Janet Lee Brown. As a result of the accident Janet Lee Brown was killed and Theodore Brown was injured. Thereafter, Michael Reisterer, as personal representative of the estate of Janet Lee Brown, deceased, and Theodore Brown, individually, brought a civil action in the Van Buren Circuit Court against Salinas seeking damages. Plaintiff, State Farm Mutual Automobile Insurance Company, thereafter filed a complaint in the Van Buren Circuit Court seeking a declaratory judgment that it had no duty to defend or indemnify defendant Salinas in the action brought by defendants Reisterer and Brown. Joseph Cross and Dora Cross, jointly, were included as defendants. Plaintiff alleged that, since defendant Salinas's claim for insurance coverage as a resident relative of an insured auto owner was limited by the insurance policies involved to cases where he was not operating an automobile which was furnished or available for his frequent or regular use where such vehicle was not endorsed on the policies, Salinas had no right to insurance coverage. Defendants Reisterer and Brown moved for a summary judgment. The trial court, Meyer Warshawsky, J., granted the summary judgment ordering plaintiff to provide coverage to Salinas. Plaintiff appeals from the order to that effect. *Held:*

Defendant Salinas did not purchase an insurance policy to cover his obligations under the no-fault act as an automobile owner. The insurance coverage which defendant Salinas received by being a member of his insured parents' and sister's household was not mandated by the no-fault act. Therefore, there are no public policies which prohibit an insurer from

REFERENCE FOR POINTS IN HEADNOTE
61A Am Jur 2d, Pleading §§ 71 *et seq.*, 230 *et seq.*

restricting, by contract, defendant Salinas's insurance coverage to his use of certain vehicles.

Reversed and remanded.

JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment based on failure to state a claim upon which relief can be granted challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone; both trial and reviewing courts must accept as true every well-pled allegation and any inference which may be fairly and reasonably drawn therefrom (GCR 1963, 117.2[1]).

*Cholette, Perkins & Buchanan* (by *Robert J. Riley),* for plaintiff.

*James F. Bauhof,* for Michael Reisterer and Theodore Brown.

Before: BEASLEY, P.J., and R. B. BURNS and T. C. MEGARGLE,* JJ.

PER CURIAM. Plaintiff appeals from an order entered by the trial court granting a motion for summary judgment in favor of the defendants Reisterer and Brown. We reverse.

Plaintiff filed a complaint seeking a declaration that it had no duty to defend or indemnify defendant Salinas in an action against him by defendants Reisterer and Brown.

In its complaint it alleges, in substance, (1) that defendant Salinas resides with his parents and siblings and that there are in effect certain automobile insurance policies written by plaintiff which cover certain autos owned by Salinas's parents and sister; (2) that the insurance policies provide "driver of other car coverage" to relatives of the named insureds who reside in the same

---

* Circuit judge, sitting on the Court of Appeals by assignment.

household, except that the policies provide no coverage where the automobile involved in the accident was furnished or available for the frequent or regular use of said relatives if such vehicle was not endorsed on the policy of insurance; (3) that defendant Salinas, while driving an automobile furnished or made available for his frequent or regular use by its owners (defendants Joseph and Dora Cross), was involved in an accident with a vehicle driven by Theodore Brown and occupied by Janet Lee Brown, such accident resulting in a civil action against defendant Salinas. In other words, it is plaintiff's position that since defendant Salinas's claim for insurance coverage as a resident relative of an insured auto owner is limited to cases where he is not operating an automobile which was furnished or available for his frequent or regular use, Salinas has no right to insurance coverage under the alleged facts.

Defendants Reisterer and Brown moved for a summary judgment pursuant to GCR 1963, 117.2(1). The trial judge granted the motion on the basis of *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982).

The facts in *Ruuska, supra,* are very different from the facts in this case. In *Ruuska,* Arvid and Gloria Carlson each owned automobiles covered by separate policies of insurance with State Farm Mutual Automobile Insurance Company. Gloria had an accident while driving the car owned by her father Arvid. State Farm did not dispute coverage of Gloria under her father's policy as she was driving his car with his consent. The dispute was over the added coverage of Gloria under her separate policy.

State Farm raised as a defense the exclusion for a non-owned automobile when furnished or avail-

able for the frequent or regular use of the named insured, his spouse, or any relative of either residing in the same household, other than a temporary substitute automobile.

Justice WILLIAMS wrote the lead opinion and held that Ruuska could recover under Gloria's policy as well as Arvid's policy. Justices MOODY and FITZGERALD concurred.

Justice LEVIN wrote separately but arrived at the same result.

Justice COLEMAN dissented and Justices KAVANAGH and RYAN concurred.

On page 338 the Court stated:

"Our decision today is limited to the facts of this case. We do not consider, for example, whether an insurer, consistent with the terms of the no-fault act, may exclude the owner of an insured automobile from liability coverage during his or her use of an *uninsured* automobile he or she also owns." (Emphasis in original.)

A motion for summary judgment pursuant to GCR 1963, 117.2(1) challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone, *Gartside v Young Men's Christian Ass'n,* 87 Mich App 335; 274 NW2d 58 (1978). Both trial and reviewing courts must accept as true every well-pled allegation and any inference which may be fairly and reasonably drawn therefrom.

In our opinion this case is very much like the exception stated by Justice WILLIAMS on page 338 of the *Ruuska* case. Defendant Salinas did not purchase an insurance policy to cover his obligations under the no-fault act as an automobile owner. The insurance coverage which defendant Salinas received by being a member of his insured parents' and sister's household was not mandated

by the no-fault act. Therefore, there are no public policies which prohibit an insurer from restricting, by contract, this defendant's insurance coverage to his use of certain vehicles.

Reversed and remanded to the trial court.