ALLSTATE INSURANCE COMPANY v DEMPS

Docket No. 68859. Submitted November 1, 1983, at Lansing.—Decided March 21, 1984. Leave to appeal applied for.

John Demps owned a 1971 Chevrolet insured by Allstate Insurance Company. Demps transferred title of the Chevrolet vehicle to Rickey Joe Berry, but inadvertently failed to remove his license plates from the vehicle. Demps removed the listing of the vehicle from the declaration of his insurance policy. Thereafter, the vehicle, driven by Berry, was involved in an accident with a vehicle driven by Edward Siegel in which Cora Siegel was a passenger. The Siegels brought an action against Demps and Berry seeking damages for the personal injuries they suffered in the accident. Allstate filed an action in Genesee Circuit Court for a declaratory judgment against Demps, Berry, and the Siegels alleging that it was not required to defend Demps and was not liable for any damages suffered by the Siegels. The court, Harry B. McAra, J., granted summary judgment for the defendants. Allstate appealed. *Held:*

Demps could not have incurred any liability based upon ownership of the vehicle at the time of the accident. Ownership of the vehicle was effectively transferred when Demps transferred title, even though he failed to retain his license plates.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 31, 39.

Motor vehicle certificate of title or similar document as, in hands of one other than legal owner, indicia of ownership justifying reliance by subsequent purchaser or mortgagee without actual notice of other interests. 18 ALR2d 813.

[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 673.

8 Am Jur 2d, Automobiles and Highway Traffic § 1084.

[3] 7 Am Jur 2d, Automobile Insurance §§ 344, 373.

Liability insurance: clause with respect to notice of accident or claim, etc., or with respect to forwarding suit papers. 18 ALR2d 443.

[4] 7 Am Jur 2d, Automobile Insurance § 389 *et seq.*

Consequences of liability insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not within coverage of policy. 49 ALR2d 694.

[5] 7A Am Jur 2d, Automobile Insurance § 446.

There is no possible theory of liability for which the insurance policy issued by Allstate would provide coverage. Therefore, Allstate has no duty to defend Demps in the action brought by the Siegels.

Reversed.

1. AUTOMOBILES — SALES — TRANSFER OF TITLE.

A sale of a motor vehicle which does not include a transfer of the certificate of title is void and the vendor remains the owner of the vehicle.

2. AUTOMOBILES — SALES — REMOVAL OF LICENSE PLATES.

The statute governing liability for negligent operation of a recently transferred automobile which provides that a seller is not liable for any damages resulting from the negligent operation of such vehicle following a bona fide sale is not affected by the seller's failure to remove the license plates (MCL 257.240; MSA 9.1940).

3. INSURANCE — AUTOMOBILES.

Responsibility under an indemnity policy accrues at the time when the complainant is damaged rather than at the time of the negligent act which caused the damage.

4. INSURANCE — INSURER'S DUTY TO DEFEND.

An insurer has a duty to defend a suit, despite theories of liability that are not covered, if there are any theories of recovery that fall within the policy.

5. INSURANCE — LIABILITY OF INSURER — COMPLAINTS.

Any doubt as to whether or not a complaint against an insured alleges a liability of the insurer to defend under the policy must be resolved in the insured's favor.

*Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* for plaintiff.

*Collins, Stecco & Wascha* (by *Larry J. Stecco),* for the Siegels.

Before: CYNAR, P.J., and BEASLEY and T. GILLESPIE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff, Allstate Insurance Company, appeals as of right from the trial judge's grant of summary judgment in defendants' favor in this declaratory judgment action. The trial court held that, under the terms of defendant John Demps's insurance policy, Allstate was required to defend him and to pay the amount of any judgment against him in a connected action between Demps and defendants Edgar and Cora Siegel.

Allstate filed its complaint for declaratory relief, alleging that a collision occurred between a 1971 Chevrolet driven by defendant Rickey Joe Berry and another automobile driven by Edgar Siegel on March 17, 1979. The Siegels filed their complaint for personal injuries against defendants Demps and Berry on April 25, 1980. In that complaint the Siegels alleged that Demps was the owner of the 1971 Chevrolet driven by Berry. Allstate issued an insurance policy to Demps prior to the accident. However, on January 26, 1979, Demps transferred title of a 1971 Chevrolet listed in the policy to Berry for $500. Demps inadvertently failed to remove his license plates from the vehicle. Allstate removed the vehicle from the declaration of Demps's insurance policy on February 22, 1979. Allstate asserted that its policy of insurance did not require it to defend Demps and did not provide liability coverage for accidents involving vehicles which he did not own.

Defendants Siegel answered, neither admitting nor denying plaintiff's allegations regarding transfer of title to Berry, inadvertent failure to remove license plates, and removal of the vehicle from the policy's declarations, and denying that plaintiff was not liable under the policy and was not obligated to defend Demps.

Demps answered *in propria persona,* denying that Allstate was not obligated to defend him nor liable for damages assessed against him under the terms of the policy. He asserted that Allstate was liable under the provisions of its policy relating to nonowned vehicles. He also alleged that Allstate had notified him of its intent to represent him in the action filed against him by the Siegels. He attached a letter dated June 22, 1980, in which Allstate stated that it was obligated to defend the litigation on his behalf and named his attorney.

Rickey Joe Berry was also named as a defendant but never appeared. A default was entered against him on June 1, 1982. A default judgment was entered against Berry on November 15, 1982.

The insurance policy provided that:

"Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of:
"1. bodily injury sustained by any person, and
"2. injury to or destruction of property,
"arising out of the ownership, maintenance or use, included loading and unloading of the owned automobile or a non-owned automobile."

and

"Allstate will defend, at its own expense and with counsel of its choice, any lawsuit, even if groundless, false or fraudulent, against any insured for such damages which are payable under the terms of this Section, but may make such settlement of any claim or suit as it deems expedient."

However, the persons insured were limited to:

"1. The named insured with respect to the owned or a non-owned automobile, provided the use of such non-owned automobile is with the permission, or reasonably

believed to be with the permission, of the owner and is within the scope of such permission;

"2. Any resident of the named insured's household with respect to the owned automobile;

"3. Any other person with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission;

"4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative, provided the use by such relative is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission; and

"5. Any other person or organization, but only with respect to his or its liability because of acts or omissions by a person who is insured under any of the four preceding paragraphs; provided the automobile, if a non-owned automobile, is not owned or hired by such other person or organization."

The policy also provides that it "applies only to losses * * * as respects the owned automobile only while it is owned as stated in the declarations". The owned automobile is defined as "the vehicle described in the declarations". A nonowned automobile is defined as one "not owned by or furnished or available for the regular use of, the named insured or any resident of his household other than a temporary substitute".

Both plaintiff and defendants Siegel moved for summary judgment. Allstate argued that the non-disputed facts were: that the vehicle in question was removed from Demps's policy on February 22, 1979; that Demps transferred title to the vehicle to Berry on January 26, 1979; that Demps transferred possession of the vehicle and keys to Berry on the same date; and that he failed to remove his license plates. Plaintiff asserted that MCL 257.233(5); MSA 9.1933(5), providing that the date

of delivery of the vehicle and transfer of title was the date of transfer of any interest in the vehicle, was dispositive given these undisputed facts. Therefore, after January 26, 1979, Demps was no longer liable for any negligence in the operation of the vehicle under MCL 257.240; MSA 9.1940. Also, because Demps no longer owned the automobile after January 26, 1979, Allstate could not thereafter be liable for damages or to defend Demps against claims related to the automobile under the insurance policy.

Defendants Siegel argued that plaintiff's admissions that Demps was validly insured as to the 1971 Chevrolet on January 26, 1979, that he transferred the vehicle to Berry on that date without removing his registration plates, that Berry was driving the vehicle on March 17, 1979, when a collision occurred, and that defendants Siegel therefore filed a lawsuit against Demps based on his negligent failure to remove his registration plates, were sufficient to warrant summary judgment in defendants' favor on plaintiff's claim for declaratory relief.

The trial judge orally granted defendants' motion at a hearing on July 12, 1982, stating that since Demps left the license plates on the vehicle at the time that he transferred title and possession, his ownership of the vehicle continued through the date of the accident.

Demps has filed no brief on appeal.

We consider first whether the insured, Demps, was the owner of the vehicle in question at the time of the accident.

MCL 257.37; MSA 9.1837 defines the owner of a motor vehicle as:

"(a) Any person, firm, association or corporation rent-

ing a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days.

"(b) A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner."

Under the terms of MCL 257.233; MSA 9.1933, the effective date of transfer of title or interest in a motor vehicle is the date of execution of either the application for title or the certificate of title. There is no dispute that title to the 1971 Chevrolet was transferred from Demps to Berry on January 26, 1979, several weeks prior to the accident. Defendants Siegel maintain that, because Demps failed to remove his license plates from the vehicle the purported transfer of ownership was void. In our view, the prevailing authority militates against this position.

Michigan courts have held that the sale of a motor vehicle which did not include a transfer of certificate of title as required by law was void, such that the vendor remained the owner of the vehicle. *Endres v Mara-Rickenbacker Co,* 243 Mich 5; 219 NW 719 (1928); *Michigan Mutual Auto Ins Co v Reddig,* 129 Mich App 631; 341 NW2d 847 (1983). However, the courts have been reluctant to find lesser defects, even those involving statutory violations, fatal to the transfer of ownership. For example, in *Schomberg v Bayly,* 259 Mich 135; 242 NW 866 (1932), the Court ruled that a purchaser's title was good as it regarded liability for an acci-

dent, even though delivery of title was not made within ten days after delivery of the automobile and was, therefore, not in literal compliance with the statute.

More directly on point is *Long v Thunder Bay Mfg Corp,* 86 Mich App 69; 272 NW2d 337 (1978). At issue in *Long* was the operation of MCL 257.240; MSA 9.1940, which provides:

"The owner of a motor vehicle who has made a bona fide sale by transfer of his title or interest and who has delivered possession of such vehicle and certificate of title thereto properly endorsed to the purchaser or transferee shall not be liable for any damages thereafter resulting from negligent operation of such vehicle by another."

In *Long,* the defendant had delivered an automobile to one Lawrence Rice along with an assignment of title. The vehicle retained the license plates registered to the defendant and was involved in an accident. A majority of the panel in *Long* held that "[f]ailure to remove the plates does not preclude the application of MCL 257.240; MSA 9.1940". *Long, supra,* p 70. The necessary implication of this holding was that the transfer had been "a bona fide sale" notwithstanding the defendant's failure to retain his plates.

Defendants Siegel rely upon an estoppel case, *Wieland v Kenny,* 385 Mich 654; 189 NW2d 257 (1971), as warranting a conclusion that, because Demps allowed Berry to use Demps's plates, Demps was in an equitable sense the owner of the car at the time of the accident. *Wieland,* however, did not involve the purported sale of a car, nor was the estopped defendant ever held to be the legal or equitable owner of the accident vehicle. We conclude at this point that plaintiff's insured

could incur no liability based upon ownership of the vehicle at the time of the accident.

Defendants Siegel further assert that plaintiff's insured could be liable on the theory that his act of allowing Berry to use his license plates was a proximate cause of the accident. Under comparable facts, the Court in *Endres* stated:

"If Pushkin [the negligent driver] was the owner of the car at the time of the accident, the dealer is not liable here for the reason that its license plates, loaned to and used by Pushkin, neither caused nor contributed to cause the accident, had no causal relation to it." (Citation omitted.) *Endres, supra,* p 7.

In *Wieland, supra,* the Court found that under the rather extraordinary circumstances in that case the lender of a set of dealer's plates was estopped from denying a causal relationship between his furnishing of the plates and a subsequent automobile accident. Even if plaintiff's insured could be found liable under such a theory, such liability would certainly not fall within the coverage provided by plaintiff's insurance policy.

Initially, plaintiff contracted to pay on behalf of its insured damages due to personal injury or destruction of property "arising out of the ownership, maintenance or use, including loading and unloading, of the owned automobile or a nonowned automobile". Demps's liability, if any, arose from the use of his license plates, not from any automobile whether owned or nonowned.

Next, the date controlling plaintiff's obligations under the insurance contract is the date of the accident. Coverage is not assessed as of the date of Demps's alleged antecedent negligence, *i.e.,* the date upon which he neglected to remove his license plates from the 1971 Chevrolet. See *Moss v*

*Shelby Mutual Ins Co,* 105 Mich App 671; 308 NW2d 428 (1981); *Employers Mutual Liability Ins Co of Wisconsin v Michigan Mutual Auto Ins Co,* 101 Mich App 697; 300 NW2d 682 (1980). At the time of the accident, the car was not an owned vehicle under plaintiff's policy. There, the term "owned vehicle" was principally defined as "the vehicle described in the declaration". Demps sold the car on January 26, 1979. Plaintiff removed the listing of the vehicle from the declaration of the insurance policy on February 22, 1979. The accident did not occur until approximately three weeks later.

Defendants Siegel maintain that, even if Demps did not own the car on the day of the accident, plaintiff "must indemnify him under his non-owned automobile coverage for whatever liability he has to the Siegels". We disagree. The relevant part of the policy unambiguously provides coverage only for permissive use of a nonowned vehicle by the named insured or a relative. The nonowned vehicle provisions may not be construed to cover Berry's use of the vehicle on the day of the accident. We conclude that plaintiff's policy did not provide coverage for any liability arising out of the accident.

There remains the question of whether plaintiff owes Demps a defense in the underlying suit. This Court in *A & G Associates, Inc v Michigan Mutual Ins Co,* 110 Mich App 293, 299; 312 NW2d 235 (1981) stated:

"The obligation to defend is to be determined by the allegations of the complaint in the underlying action. *Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12, 18; 123 NW2d 143 (1963). An insurer has a duty to defend a suit, despite theories of liability that are not covered, if there are any theories

of recovery that fall within the policy. *Dochod v Central Mutual Ins Co,* 81 Mich App 63, 67; 264 NW2d 122 (1978)."

The rationale for extending the duty to theories not asserted in the complaint is regard for the ease with which pleadings may be amended. See also *The Western Fire Ins Co v J R Snyder, Inc,* 76 Mich App 242, 249; 256 NW2d 451 (1977), *lv den* 402 Mich 822 (1977). The insurer must "look behind" the third-party allegations to analyze whether coverage is possible. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62; 250 NW2d 541 (1976). In a case of doubt as to whether or not the complaint against the insured alleges a liability under the policy, the doubt must be resolved in the insured's favor. *The Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136; 301 NW2d 832 (1980). Plaintiff in this case has not contractually bound itself to a broader obligation to defend than that recognized by this authority.

In this case there is no possible theory of liability for which plaintiff's policy would provide coverage. It follows that plaintiff has no duty to defend its insured in the underlying action. Compare *State Farm Mutual Automobile Ins Co v Salinas,* 127 Mich App 546; 339 NW2d 480 (1983).

The summary judgment for defendants is reversed, and this matter is remanded for proceedings consistent with this opinion.