■ GENERAL SPORTWEAR COMPANY, INC., Respondent-Appellant, v MORTON G. CASE et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendant. MORRIS S. SOLOMON et al., Third-Party Defendants-Respondents.—Kane, J. P.

In June 1985, plaintiff was served with a summons and complaint as a third-party defendant in an Indiana personal injury lawsuit and forwarded same to its liability insurance agents at that time, third-party defendant Berger and Solomon (hereinafter Berger). Berger concluded that the incident underlying the claim against plaintiff occurred prior to its coverage thereof and returned the summons and complaint to plaintiff with a request to deliver it to plaintiff's previous insurance agent. Plaintiff forwarded the summons and complaint to its previous agent, defendants and third-party plaintiffs Morton G. Case and Total Management Corporation (hereinafter defendants), with a letter indicating that "our current agent has advised us the claim covers an incident which occurred in 1983". Defendants then forwarded the claim to third-party defendant American Federal Group, Ltd. (hereinafter AFG), the insurance broker through whom defendants had obtained plaintiff's general liability insurance coverage from July 29, 1981 to July 29, 1983. Plaintiff's policy had been procured by AFG through third-party defendant Atlanta International Insurance Company (hereinafter Atlanta). The record is silent as to what AFG did with the claim against plaintiff after receiving the summons and complaint from defendants. Plaintiff did request acknowledgment from defendants that the papers filed against plaintiff had been received and processed and defendants indicated that the summons and complaint were received and had been forwarded to plaintiff's carrier.

In February 1986, plaintiff discovered that a default judgment had been entered against it in October 1985 and that the claim arose from an incident which occurred in 1981, rather than in 1983, as previously thought. Thereafter, plaintiff contacted defendants and received assurances that the claim had been taken care of. In April 1986, defendants returned to plaintiff all the papers pertaining to the claim,

indicating that an amended complaint stated the incident at issue occurred on July 15, 1981 and that the coverage obtained by defendants for plaintiff did not commence until July 29, 1981.

Plaintiff was unsuccessful in vacating the default judgment and commenced this action against defendants* alleging, *inter alia,* that defendants negligently failed to diligently review and properly handle the claim resulting in plaintiff's nonrepresentation and default. Defendants then commenced a third-party action against Berger, AFG and Atlanta for contribution or indemnification. Thereafter, the parties herein each sought summary judgment in their favor. Supreme Court granted the motion and cross motions of third-party defendants for summary judgment, but found triable issues of fact regarding plaintiff and defendants, who now appeal Supreme Court's order.

We affirm, finding that factual issues exist as to defendants' alleged breach of a duty owed to plaintiff and that third-party defendants are entitled to summary judgment as a matter of law. Generally, those who provide or procure insurance have no duty to defend someone who is not an "insured" due to the claim against him occurring outside the time period of the policy *(see, Cohen v Great Am. Indem. Co.,* 21 AD2d 691; 7C Appleman, Insurance § 4684.01, at 89-90). If, however, an insurance agent affirmatively represents that a defense has been undertaken on behalf of the uninsured, that agent has a duty to use reasonable care to assure that the uninsured's interests are protected *(see,* 7C Appleman, Insurance § 4687, at 195; *see also, Dalrymple v Shults Chevrolet,* 51 AD2d 884, *affd* 41 NY2d 957; *MacDonald v Carpenter & Pelton,* 31 AD2d 952, 953). Here, defendants have created a duty by representing to plaintiff that the summons and complaint had been processed and, ostensibly, a defense of the claim undertaken. As questions of fact exist regarding the reasonableness of defendants' actions after receiving the summons and complaint, Supreme Court properly denied summary judgment to both plaintiff and defendants.

As to defendants' third-party action for indemnification or contribution, we find nothing in the record to establish the requisite duty owed to plaintiff by third-party defendants *(see, Rosado v Proctor & Schwartz,* 66 NY2d 21, 25; *Rosner v Paley,* 65 NY2d 736, 738-739). Berger immediately returned the

---

* Plaintiff also brought suit against defendant Alliance Brokerage Corporation; however, Alliance is not involved in this appeal.

summons and complaint to plaintiff citing noncoverage, and the erroneous statement that the complaint's underlying accident occurred in 1983 does not create any affirmative duty owed to plaintiff in this instance. Nor does the record show that AFG owed a duty to plaintiff. AFG's receipt of the erroneous information that the claim arose in 1983 does not create a duty owed to plaintiff when, in fact, the claim arose before any policy was procured by AFG on plaintiff's behalf and AFG did nothing to affirmatively represent to plaintiff that the claim would be covered or a defense therefor undertaken. Similarly, Atlanta, which alleges that it did not receive any notice of the claim against plaintiff until the instant lawsuit, did nothing which indicates the creation of duty owed to plaintiff. Accordingly, summary judgment was properly granted to third-party defendants.

As a final note, Atlanta has argued for costs for frivolous conduct on the part of defendants in pursuing this third-party action against it. Although Atlanta was entitled to summary judgment, we cannot conclude that defendants' actions were so completely without merit or undertaken in bad faith as to warrant such an award of costs in this instance.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.