The CITY OF JASPER,
INDIANA, Plaintiff,

v.

WAUSAU INSURANCE COMPANIES,
Defendant.

No. EV 85–205–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Oct. 5, 1990.

## MEMORANDUM

BROOKS, Chief Judge.

This matter is before the Court on the defendant's MOTION FOR SUMMARY JUDGMENT filed on December 5, 1986 and the plaintiff's MOTION FOR SUMMARY JUDGMENT filed on December 11, 1986. The following briefs have been filed regarding these motions:

1. BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT filed on December 5, 1986.

2. CITY OF JASPER, INDIANA'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT filed on December 11, 1986.

3. RESPONSE OF DEFENDANT IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT filed on December 29, 1986.

4. RESPONSE OF PLAINTIFF TO BRIEF OF DEFENDANT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSIVE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT filed on February 5, 1987.

5. REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT filed on March 2, 1987.

6. PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUM-MARY JUDGMENT filed on April 20, 1987.

7. SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT filed on June 7, 1990.

8. PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT filed on June 21, 1990.

9. PLAINTIFF'S RESPONSE BRIEF TO DEFENDANT'S SUPPLEMENTAL BRIEF filed on July 13, 1990.

10. SECOND SUPPLEMENTAL BRIEF OF DEFENDANT IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT filed on August 7, 1990.

## FACTS

The present controversy stems from the issuance of an improvement location permit which the plaintiff granted to a Charles Habig in December of 1981. At that time, the plaintiff was insured by the defendant, Wausau Insurance. The policy in question was in effect from August 1, 1981 through November 1, 1982. The relevant provisions of the liability policy are as follows:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage A. bodily injury or

Coverage B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

"Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

After the issuance of, and pursuant to the permit, Charles Habig began the construction of units. After construction had been initiated, the neighboring landowners filed suit contending that the permits did not conform to the developmental statutes of the ordinance under which the permits were issued. This suit was filed in 1982. After extensive litigation, the contentions of the neighboring landowners were upheld by the trial court. That decision was upheld by the Indiana Court of Appeals. As a result, Habig demolished one of the units in 1985.

Charles Habig then filed suit against the City of Jasper on March 14, 1985 seeking damages which he incurred as a result of the demolition. The defendant, Wausau, denied coverage to the plaintiff, City of Jasper, alleging that the type of negligence asserted by Charles Habig did not fall within the policy terms. As a result, the plaintiff, City of Jasper, filed the present action seeking a declaratory judgment that the defendant, Wausau, had a duty to defend and/or indemnify the plaintiff, City of Jasper, in the state court negligence action filed by Habig.

The state court action was eventually resolved in favor of the City of Jasper, plaintiff in the present controversy. However, plaintiff, City of Jasper, seeks to recover the cost of litigating the state court matter. Thus, the issue to be decided by this Court is whether the defendant, Wausau, is obligated to reimburse plaintiff, the City of Jasper, for the expense incurred in defending the negligence cause of action filed by Habig against the City of Jasper in state court.

In the first nine briefs filed by both parties, the issue argued was what constitutes an occurrence, thereby bringing an action within the terms of the Wausau insurance policy. Although the issue was briefed extensively by both parties, there is no Indiana law which is clearly dispositive of the matter. In its final brief, the defendant raised the issue of whether or not the timing of the occurrence would preclude coverage under the policy. Since this Court finds the timing issue of the occurrence is dispositive of this case, the matter of what constitutes an occurrence will not be addressed.

## DISCUSSION

Federal Rule of Civil Procedure 56(c) provides in pertinent part that a Motion for Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (citation omitted).

The United States Supreme Court recently dealt with the grant of a summary judgment in great detail in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Specifically, the Court ruled:

By its very terms, [the summary judgment] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact ... [A] party opposing a properly supported motion for summary judgment " 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " ... Rule 56(e) provides that when a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial."

*Id.* at 247–50, 106 S.Ct. at 2509–11 (citations omitted). The Court has further enunciated that "In the language of the Rule, the non-moving party must come forward with 'spe-

cific facts showing that there is a *genuine issue for trial.*' Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (citation omitted). With the proper standard by which to determine whether or not to grant the motion for summary judgment, the present controversy will be analyzed.

The defendant argues that the holding of *Stillwell v. Brock Brothers, Inc.,* 736 F.Supp. 201 (S.D.Ind.1990) is applicable to the controversy between the City of Jasper and Wausau. In *Stillwell,* Brock Brothers obtained a commercial general liability insurance policy from Transamerica on February 23, 1987. The policy expired on August 10, 1987 due to nonpayment of premiums. During the policy period, the policy covered " 'bodily injury' and 'property damage' *which occurs during the policy period.* The 'bodily injury' or 'property damage' must be caused by an 'occurrence.' " *Id.* at 203 (emphasis in original). The terms of the policy provide that an " 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 203–204.

Brock Brothers performed a re-roofing job for plaintiff Stilwell. The job was completed by the end of May, 1987 during the time the policy was in effect. In October of 1987 the plaintiffs discovered that the job had been negligently performed when the plaintiffs turned on their gas furnace. After the furnace had been turned on, it began to smoke and emit fumes. The smoke and fumes became trapped in the house, and the plaintiffs sustained personal injuries. The plaintiffs filed suit against Brock Brothers and Transamerica. Transamerica filed a cross claim against Brock Brothers seeking a declaration that Transamerica had no duty to defend the action. *Id.*

Although the plaintiffs' house was located in Indiana, Brock Brothers' principal place of business was Kentucky, the insurance policy was negotiated in Kentucky, and all mail concerning the policy was delivered to the Kentucky address. Therefore, the court applied Kentucky substantive law when deciding the case. The court ruled that there was no duty on the part of Transamerica to defend. Although the precedent negligence took place within the policy period, "occurrence" did not. Specifically, the court ruled:

> Without cluttering this entry with myriad citations, it can be said that every jurisdiction, with the exception of Louisiana, had held that the time an accident "occurs" is the time when the complaining party is actually injured, not the time when the wrongful act is committed. *See* 11 Couch, *Cyclopedia of Insurance Law,* § 44:8 (2nd ed. 1982); *see also* Annot., "Event As Occurring Within Period of Coverage" of "Occurrence" and "Discovery" or "Claims Made" Liability Policies (1985) 37 A.L.R.4th 382, § 3, and cases cited therein; 57 A.L.R.2d 1385. This is because the tort of negligence is not deemed to have been committed "unless and until some damage is done."
>
> Application of this doctrine to the present case is simple. The "accident" upon which the plaintiffs base their claim did not "occur" within the Transamerica policy period. The plaintiffs admit that they sustained no damages until October of 1987, when they turned on their furnace. The plaintiffs further concede that the Transamerica policy terminated on August 10, 1987. Because the Transamerica policy only covers "occurrences" that occur within the policy period, Transamerica is not obligated either to defend or indemnify against the plaintiffs' claim.

*Id.* at 205 (citation omitted). The *Stillwell* court went on to note that the result would be the same if the facts of the case had dictated that Indiana law be applied, citing *United States Fidelity & Guarantee Co. v. American Ins. Co.,* 169 Ind.App. 1, 345 N.E.2d 267 (1976).

In the *United States Fidelity* case, three insurance companies were involved. The three companies had provided a brick manufacturer with liability insurance at varying times. The controversy concerned the spalling (chipping or flaking) of bricks during the policy periods of all three insurance companies. In deciding the case, the court found:

558

It is our opinion that the insurance company providing products liability coverage at the time the spalling first becomes apparent is responsible for all damage or loss to the structure.... [T]he time of the occurrence of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed but the time when the complaining party was actually damaged. Annot., 57 A.L.R.2d 1385, 1389 (1958).... The insurance company which incurs liability under this general rule then is the one providing coverage to the manufacturer at the time that the complaining party—the structure owner—suffered damage to his structure from the spalling bricks.

*Id.* at 270–271. *See also Allstate Insurance Co. v. Demps,* 133 Mich.App. 168, 348 N.W.2d 720 (1984) ("Coverage is not assessed as of the date of Demp's alleged antecedent negligence."); *Moss v. Shelby Mutual Insurance Co.,* 105 Mich.App. 671, 308 N.W.2d 428 (When the complainant is damaged, not the time of the negligent act, is when responsibility accrues under an indemnification policy); *Employers Mutual Liability Insurance Co. of Wisconsin v. Mich. Mutual Auto Insurance Co.,* 101 Mich.App. 697, 300 N.W.2d 682 (1980) ("We have reviewed cases from other jurisdictions which have considered the question. The majority of them hold that the time when the complainant is damaged, rather than the time of the negligent act, is the point at which responsibility accrues under an indemnity policy. We adopt the general rule as being correct and hold that since the damage did not arise until the Employers Mutual Homeowners Policy had been cancelled, it did not cover the accident.") *Har-Lee–Kay Realty Corp. v. Providence Washington Indemnity Co.,* 11 Misc.2d 774, 173 N.Y.S.2d 892 (1958) (Accident result of negligent installation of cabinets during policy period; injury occurred after policy period. "It was not insured against negligence occurring during the policy period.... It was insured against accidents, but on the face of the complaint, the accident did not occur during the policy period. It follows that defendant was under no duty to defend the law suit for the accident occurring [after the policy period] ).

CONCLUSION

The Wausau liability insurance policy under consideration in this matter provides that it will pay "property damage to which this insurance applies, caused by an occurrence ..." The policy further defines occurrence as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected or intended from the standpoint of the insured." Thus, if the occurrence in question did not take place during the policy period, no coverage is provided.

██ Based on the law of Indiana, and the law in the majority of jurisdictions, this Court rules that an occurrence takes place when the injury upon which the suit is based arises. The antecedent negligence will not constitute an occurrence within the terms of the policy. The facts of the present case show that the permit over which Habig initially filed suit was issued by the City of Jasper, through its agent, in December of 1981 when the policy was in effect. The neighbors filed suit challenging the validity of the permit in 1982. Habig did not demolish the building until 1985. The issuance of the permit was the precedent negligence; Habig did not suffer damages until either 1982 when the neighbors challenged the permit validity or 1985 when he was forced to tear one of the units down. The plaintiff, City of Jasper contends the occurrence took place at the time of the former event while the defendant asserts there was no occurrence until the latter. After reviewing the evidence, this Court finds that there was no actual damage to Habig until the time he was ordered to demolish or move one of the units. Before that time the units were not completed, therefore, no rental value was lost. It was not until the order was handed down by the Court of Appeals that it was discovered the construction expense was for naught and the property would not generate income. In fact, Habig in his notice to the City dated November 1, 1984, asserted that he sustained damages on September 11, 1984. Thus, there was no occurrence within the period covered by the Wausau liability policy. As a result, defendant Wausau had no duty to

defend plaintiff, City of Jasper, and is, therefore, not responsible for the costs plaintiff, City of Jasper, incurred in defending the suit filed by Habig in state court. Therefore, the plaintiff's MOTION FOR SUMMARY JUDGMENT is DENIED. The defendant's MOTION FOR SUMMARY JUDGMENT is GRANTED.

IT IS SO ORDERED.